**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
**CENTRAL ISLIP DIVISION**

In re:

Goldner Capital Management LLC, *et al*[1]

                                       Chapter 11
                                       Case No. 24-73789

                                       *Joint Administration Pending*

                          Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**OBJECTION TO DEBTOR'S MOTION FOR AN ORDER**
**EXTENDING THE DEBTOR'S TIME TO FILE SCHEDULES OF**
**ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

      Capital Source, LLC and The Capital Foresight Limited Partnership (together, "Capital") by and through its counsel, hereby submits this objection (this "Objection") in these chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), to *Debtor's Motion for an Order extending the Debtor's Time to File its Schedules of Assets and Liabilities and Statement of Financial Affairs* [Dkt. No. 15] (the "Extension Motion"). In support of the Objection, Capital respectfully represents as follows:

## OBJECTION

**A.**    **There is no Need for an Extension to File the Schedules Because There is no Legitimate Basis for These Chapter 11 Cases, Which were Commenced Without Authorization and in Bad Faith.**

      1.    As described in further detail in *Motion to Dismiss Bankruptcy Cases* [Dkt. No.20] and the *Declaration of Netanel Saidoff in Support of Motion to Dismiss Bankruptcy Cases* [Dkt

---

[1] The Debtors in these chapter 11 cases are: GCM Manager LLC (Case No. 24-73790), GCM Parkside LLC (Case No. 24-73791), GCM UP LLC (Case No. 24-73792), GCM Wash LLC (Case No. 24-73793), LHW Master Tenant LLC (Case No. 24-73794), Missouri MT Holdings LLC (Case No. 24-73795).  On October 10, 2024, Debtors' counsel filed its Motion for an Order Authorizing the Joint Administration of the Chapter 11 Cases.

No. 20-1] (together, the "<u>Motion to Dismiss</u>"),[2] Debtors' principal and former manager Samuel Goldner ("<u>Goldner</u>") knowingly commenced these Chapter 11 Cases without authorization. In brief, Goldner lost his authority to exercise his voting and consensual rights in the Debtors when he and the other Borrowers defaulted on the Pledge Agreement.[3] Such rights became vested solely in Capital. Thereafter, Capital passed resolutions removing Goldner as Manager of the Debtors and designated itself as Manager of those entities.

2.      Accordingly, Goldner—an individual and not an agent of the Debtors—had no authority to file these Chapter 11 Cases. *See In re Georgian Backyard LLC*, 661 B.R. 102, 105 (Bankr. E.D.N.Y., 2024). *See also In re 167 W. 133rd St. Hous. Dev. Fund Corp.*, No. 18-12043 (JLG), 2018 WL 4637460, at *6 (Bankr. S.D.N.Y. Sept. 25, 2018) ("The lack of authority to file a voluntary chapter 11 bankruptcy petition by the party filing it constitutes . . . 'cause' for relief under § 1112(b) of the Bankruptcy Code."). Unsurprisingly, the Goldner Declaration failed to reference Capital's voting rights. Without such authority, any request for an extension to file Schedules of Assets and Liabilities Statements of Financial Affairs (together, the "<u>Schedules</u>") appears moot and should be denied.

3.      Moreover, in the Goldner Declaration, Goldner concedes the Debtors filed these Chapter 11 Cases for the primary purpose of thwarting Capital's ability to enforce the Notes and Pledge Agreement. This is a quintessential bad faith filing. *See In re Encore Prop. Mgmt. of W. New York, LLC*, 585 B.R. 22, 30–31 (Bankr. W.D.N.Y. 2018) ("As a general rule where, as here, the timing of the filing of a Chapter 11 petition is such that there can be no doubt that the primary, if not sole, purpose of the filing was a litigation tactic, the petition may be dismissed as not being

---

[2] Capital incorporates the facts set forth in the Motion to Dismiss by reference.

[3] Capitalized terms not herein defined shall have the meaning as set forth in the Motion to Dismiss.

filed in good faith." (internal citations omitted)). This delay tactic will be further perpetuated by allowing an extension to file the Schedules.

4.      Further, the Debtors have failed to take any substantive action to further these Chapter 11 Cases. For example, the Debtors have yet to seek authorization to use cash collateral or file other standard first day relief like payment of employee wages or manage bank accounts. Clearly this is not a legitimate effort to reorganize, but an attempt by Goldner to delay what amounts to a two-party dispute that should be dealt with outside of the bankruptcy forum. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997) (finding grounds to dismiss a case for bad faith when a debtor's financial condition is, in essence, a two-party dispute).

5.      As Debtors' Chapter 11 Cases have no legitimate basis or purpose, it is meaningless to extend Debtors' time to file the Schedules, and accordingly, the Extension Motion should be denied.

**B.      Even if the Chapter 11 Cases had been Filed in Good Faith, the Requested Extension Deadline is less than 24 Hours Before the 341 Meeting, Hindering Creditors' Ability to Participate.**

6.      Even if some form of an extension to file the Schedules is appropriate, the Debtors' request for an extension through and including November 5, 2024 is too long and prejudices creditors. The section 341 meeting of creditors (the "341 Meeting") is scheduled for November 6, 2024, the very next day. The Debtors are proposing giving creditors less than 24 hour—more specifically as little as 14 hours overnight—to review the Schedules before the 341 Meeting. Given that the Schedules are a necessary component of the 341 Meeting, it is certain that creditors, including Capital, and the Office of the United States Trustee will not have enough time to sufficiently review the Schedules and properly prepare for the 341 Meeting. This will likely result

in a continuance of the 341 Hearing. The Debtors cannot be allowed to buy themselves more time in these sham Chapter 11 Cases, which is undoubtedly the Debtors' goal here.

7.      The Debtors' bad faith actions should not, and cannot, be encouraged nor rewarded. Accordingly, Capital requests that, to the extent that the Court finds an extension to file the Schedules appropriate, the Court limit the extension to October 23, 2024, allowing creditors at least 14 days to review the Schedules.

**<u>CONCLUSION</u>**

8.      Wherefore, Capital respectfully requests that the Court (i) deny the Extension Motion, (ii) to the extent the Court finds the Debtors warrant an extension, limit the extension to October 23, 2024, and (iii) grant any additional relief the Court deems just and proper.

Dated: October 15, 2024
     New York, New York

*/s/ Max Schlan*
Max Schlan
Ren-Ann Wang
45 Rockefeller Plaza, Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com
rwang@gutnicki.com

*Counsel to Capital Source LLC
and The Capital Foresight Limited
Partnership*