-jpm    Doc 29    Filed 10/22/24    Entered 10/22/24 19:47:54

**BLANK ROME LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel:    212-885-5000
Fax:    212-885-5001
Evan J. Zucker

Kenneth J. Ottaviano (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
Tel:    312-776-2600
Fax:    312-776-2601

*Counsel for Capital Funding, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GOLDNER CAPITAL MANAGEMENT LLC, *et al.*,<br><br>               Debtor. | Chapter 11<br>Case No. 24-73789-ast<br>(Joint Administration Pending) |

**MOTION OF CAPITAL FUNDING, LLC FOR ENTRY OF AN ORDER**
**(I) DISMISSING CHAPTER 11 CASE OF LHW MASTER TENANT LLC**
**PURSUANT TO 11 U.S.C. § 1112, OR, IN THE ALTERNATIVE,**
**(II) GRANTING RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(d)**

Capital Funding, LLC, in its capacity as agent for certain secured lenders ("Capital

Funding"), by and through its undersigned counsel, respectfully moves (this "Motion") the Court

for entry of an order (i) dismissing the chapter 11 case filed by Debtor LHW Master Tenant LLC

("LHW") pursuant to 11 U.S.C. § 1112, or, in the alternative, (ii) granting Capital Funding relief

from the automatic stay pursuant to 11 U.S.C. § 362(d) to enforce its rights and remedies under

non-bankruptcy law against its collateral.  In support of this Motion, Capital Funding submits the

supporting Declaration of Glenn Dwyer (the "Dwyer Decl.") attached hereto as Exhibit 1 and states as follows:

## PRELIMINARY STATEMENT

1. Capital Funding is the administrative agent on a $17.8 million loan to LHW which *matured more than 1 year ago*. From the time various events of default occurred under the loan— *beginning more than 2 years ago*—Capital Funding undertook significant efforts to reach a consensual resolution with LHW. After such efforts failed due to LHW's continued inability to follow through on any of its half-baked proposals, Capital Funding sought to appoint a receiver over LHW and its sole asset—the Property (as defined below). Unsurprisingly, LHW filed its chapter 11 case only a few weeks before Capital Funding was set to obtain the appointment of a receiver over LHW.

2. Capital Funding seeks an order from this Court dismissing the chapter 11 case filed by LHW, Case No. 24-73794 (the "LHW Chapter 11 Case") pursuant to Section 1112(b) of the of the United States Bankruptcy Code 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") for cause because (a) the LHW Chapter 11 Case was filed in bad faith in an attempt to thwart consideration of Capital Funding's motion for appointment of a receiver by the state court in Missouri, where LHW's sole asset is located and (b) the reorganization process is a futile exercise for LHW because the only other creditors listed in its chapter 11 petition—Capital Source, LLC and The Capital Foresight Limited Partnership—have also moved to dismiss the LHW Chapter 11 Case and the chapter 11 cases filed by its jointly administered affiliates. Upon dismissal of the LHW Chapter 11 Case, Capital Funding will immediately renew its motion in the state court to have a receiver

appointed over LHW and the Property.  The receiver will be able to expeditiously sell the Property through a structured sale process for the benefit of LHW's creditors.

3.    In the alternative, if the Court declines to dismiss the LHW Chapter 11 Case, Capital Funding submits that LHW's lack of good faith in filing the LHW Chapter 11 Case constitutes "cause" for lifting the automatic say under 11 U.S.C. § 362 to allow Capital Funding to exercise its rights and remedies with respect to the Property under applicable non-bankruptcy law.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

**A.  The Term Loan**

5.    LHW obtained a $17,876,340.00 loan (the "Term Loan") from Lenders (as defined below) to purchase real property located at 2201 Glen Hendren Drive, Liberty, Missouri 64068 (the "Property").  The Term Loan is governed by that certain Loan Agreement dated as of October 1, 2021, as amended by that certain First Amendment to Loan Agreement dated as of June 1, 2023 (and as may be further amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement", and all documents related thereto, the "Loan Documents"), by and among LHW as borrower, various financial institutions as are, or may from time to time become parties thereto as lenders ("Lenders") and Capital Funding as agent for Lenders.  The Term Loan is further evidenced by that certain Promissory Note dated as of October 1, 2021, in the original principal amount of $17,876,340.00 (as amended, restated, supplemented or otherwise modified from time

3

to time, the "Term Loan Note"), by LHW to the order of Capital Funding.  True and correct copies of the Loan Agreement and the Term Loan Note are attached as **Group Exhibit A** and **Exhibit B**, respectively, to the Dwyer Decl.

6.      LHW's obligations and performance under the Loan Agreement are secured by a first priority lien in favor of and for the benefit of Capital Funding on the Property pursuant to that certain Deed of Trust, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of October 1, 2021, and recorded on October 12, 2021 with the Clay County, Missouri Recorder of Deeds as Instrument Number 2021044434 in Book 9202, Page 23 (as amended, restated, supplemented or otherwise modified from time to time, the "Deed of Trust").  A true and correct copy of the Deed of Trust is attached as **Exhibit C** to the Dwyer Decl.

7.      As additional security for the Term Loan, LHW and Capital Funding entered into that certain Assignment of Rents and Leases dated as of October 1, 2021 recorded on October 12, 2021 with the Clay County, Missouri Recorder of Deeds as Instrument Number 2021044435 in Book 9202, Page 24 (as amended, restated, supplemented or otherwise modified from time to time, the "Assignment of Rents and Leases").  A true and correct copy of the Assignment of Rents and Leases is attached as **Exhibit D** to the Dwyer Decl.

8.      UCC financing statements were filed with the Delaware Secretary of State and Clay County, Missouri Recorder, reflecting the liens of Capital Funding.  True and correct copies of the recorded financing statements are attached as **Group Exhibit E** to the Dwyer Decl.

**B.  Transition of Operations to Current Operator**

9.      On or about June 1, 2023, the prior operator of the facility located at the Property was terminated and replaced with Glen Hendren Drive Healthcare LLC ("Current Operator").

10.     On or about July 27, 2023, in connection with the transition of operations to Current Operator, LHW and Current Operator executed that certain Subordination and Attornment Agreement dated as of July 27, 2023 and recorded on July 28, 2023 with the Clay County, Missouri Recorder of Deeds as Instrument Number 2023018148 in Book 9601, Page 85 (as amended, restated, supplemented or otherwise modified from time to time, the "Subordination and Attornment Agreement") in favor of Capital Funding, subordinating the Current Operator's rights under the lease of the Property to the rights of Capital Funding and Lenders under the Loan Agreement.  A true and correct copy of the Subordination and Attornment Agreement is attached as **Exhibit F** to the Dwyer Decl.

11.     In addition, on or about July 27, 2023, Capital Funding, LHW, Current Operator and eCapital Healthcare Corp. ("Operator Revolving Lender") entered into that certain Lease Payment Agreement dated as of July 27, 2023 (the "Lease Payment Agreement"), pursuant to which such parties agreed that (a) on or before one (1) business day before the date on which rent is due under the operating lease between LHW and Current Operator, Current Operator shall deliver to Operator Revolving Lender a notice of borrowing in an amount sufficient to cover monthly rent due under the Current Operator Lease and Current Operator shall direct such amount to be deposited into an account held by Capital Funding  (the "Capital Funding Account") or (b) if Current Operator had sufficient funds to pay monthly rent, Current Operator could deposit such funds directly into the Capital Funding Account without submitting a notice of borrowing to Operator Revolving Lender.  A true and correct copy of the Lease Payment Agreement is attached as **Exhibit G** to the Dwyer Decl.  Capital Funding is required to promptly remit any amount by which any monthly installment deposited into the Capital Funding Account exceeds the monthly principal and interest and impound amounts otherwise payable to Capital Funding under the Loan

Agreement. (Dwyer Decl. ¶ 10.) In addition, to the extent any monthly lease payments are sent to LHW instead of being deposited directly into the Capital Funding Account, LHW is required to hold such amounts in trust for the benefit of Capital Funding and promptly remit such funds into the Capital Funding Account. (*Id.*)

12. On or about December 11, 2023, Capital Funding sent a letter to Current Operator demanding compliance with the Lease Payment Agreement. A true and correct copy of the Lease Payment Agreement is attached as **Exhibit H** to the Dwyer Decl.

**B. Maturity of the Loan and Other Events of Defaults Under the Loan Agreement**

13. Certain events of default occurred under the Loan Agreement (collectively, the "Existing Events of Default"), and as a result thereof, notices (together, the "Default Notices") of certain of the Existing Events of Default were sent to LHW on June 30, 2022 and December 8, 2022. True and correct copies of the Default Notices are attached as **Group Exhibit I** to the Dwyer Decl.

14. As a result of the Existing Events of Default, LHW, Capital Funding and Samuel Goldner entered into that certain Forbearance Agreement dated as of March 29, 2023, as amended by (a) that certain First Amendment to Forbearance Agreement dated as of May 28, 2023, (b) that certain Second Amendment to Forbearance Agreement dated as of August 24, 2023, and (c) that certain Third Amendment to Forbearance Agreement dated as of September 26, 2023 (and as may be further amended, restated, supplemented or otherwise modified from time to time, collectively, the "Forbearance Agreement"), pursuant to which Capital Funding agreed to temporarily forbear

6

from enforcing its rights and remedies under the Loan Documents.  True and correct copies of the Forbearance Agreement are attached as **Group Exhibit J** to the Dwyer Decl.

15.     Pursuant to that certain notice dated as of December 5, 2023, Capital Funding informed LHW of the occurrence of the termination of the Forbearance Agreement (the "Forbearance Expiration Notice").  A true and correct copy of the Forbearance Expiration Notice is attached as **Exhibit K** to the Dwyer Decl.  The Forbearance Expiration Notice also informed LHW of an additional Event of Default arising from LHW's failure to pay the entire amount of outstanding obligations under the Loan Agreement on or before the maturity date of October 1, 2023 pursuant to Section 8.1(a) of the Loan Agreement (the "Maturity Default").  (Dwyer Decl. ¶ 14.)

### C.  The State Court Receivership Action and the LHW's Bankruptcy Filing

16.     On September 10, 2024, Capital Funding filed a verified complaint against LHW for breach of contract in the Circuit Court of Clay County, Missouri (the "State Court"), captioned as *Capital Funding, LLC vs. LHW Master Tenant LLC et al.*, Case No. 24CY-CV09720 (the "State Court Action").  (Dwyer Decl. ¶ 15.)  In addition, Capital Funding filed a motion for appointment of a receiver for LHW and the Property (the "Receivership Motion") in order to provide a structured process for the sale of the Property for the benefit of LHW's creditors.  (Id.)  The Receivership Motion was scheduled to be heard by the State Court on October 24, 2024.  (Id.)

17.     After the State Court Action was filed, on October 2, 2024 (the "Petition Date"), LHW and its jointly administered affiliated debtors (collectively, "Debtors") each filed their respective petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

7

## RELIEF REQUESTED

18.    Capital Funding requests that this Court (a) dismiss the LHW Chapter 11 Case for cause under Section 1112(b) due to LHW's bad faith filing of the Chapter 11 Case or, in the alternative, (b) grant Capital Funding relief from the automatic stay pursuant to Section 362(d).

## BASIS FOR RELIEF REQUESTED

### I.    THE LHW CHAPTER 11 CASE SHOULD BE DISMISSED FOR CAUSE PURSUANT TO 11 U.S.C. § 1112(b).

19.    Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested dismissal is not in the best interests of creditors and the estate, "the court shall ... dismiss a case under this chapter ... *if the movant establishes cause.*" 11 U.S.C. § 1112(b) (emphasis added).

20.    Section 1112(b)(4) states "the term 'cause' includes—" and then lists sixteen examples of "cause." 11 U.S.C. § 1112(b)(4). The list is not exhaustive, and a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose. See, e.g, *In re C-TC 9th Ave. P'Ship*, 113 F.3d 1304, 1311 (2d Cir. 1997); *In re Gonic Realty Trust*, 909 F.2d 624, 626-27 (1st Cir. 1990) (affirming dismissal for lack of bankruptcy purpose); *In re Camann*, No.00-11090-JMD, 2001 WL 1757075, at *3 (Bankr. D.N.H. 2001) (dismissing for lack of bankruptcy purpose, based on lack of good faith) (unreported case); *In re 3 Ram, Inc.*, 343 B.R. 113, 119 (Bankr. E.D. Pa.2006) (same).

21.    Good faith is an implied requirement to the right to file a petition in bankruptcy and "the burden is on the bankruptcy petitioner to establish good faith." *In re 15375 Memorial Corp.*, 589 F.3d 605, 618 (3d Cir. 2009) (quotations omitted). The good faith standard "prevents abuse of the bankruptcy process by debtors that lack a real possibility of reorganization, who are only

8

attempting to delay creditors." *In re Sherwood Enterprises, Inc.*, 112 B.R. 165, 168 (Bankr. S.D.Tex. 1989).

22.    Both "subjective bad faith in filing the petition" and "objective futility of the reorganization process" are required. *In re Valid Value Props., LLC*, No. 16-13299, 2017 WL 123751, at *6 (Bankr. S.D.N.Y. Jan. 5, 2017) (Glenn, J.).  A mere *prima facie* showing of bad faith is enough. *In re Ancona*, No. 14-10532, 2016 WL 7868696, at *3 (Bankr. S.D.N.Y. Nov. 30, 2016).

23.    Courts in the Second Circuit apply a totality of the circumstances approach that considers a variety of non-exhaustive factors to measure subjective bad faith, including:

> (1) The debtor has only one asset;
>
> (2) The debtor has few unsecured creditors whose claims are small in relation to those of secured creditors;
>
> (3) The debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
>
> (4) The debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which could be resolved in [a] pending state foreclosure action;
>
> (5) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
>
> (6) The debtor has little or no cash flow;
>
> (7) The debtor cannot meet current expenses including the payment of personal property and real estate taxes; and
>
> (8) The debtor has no employees.

*Valid Value*, 2017 WL 123751, at *6 (citing *C-TC 9th Ave. P'ship v. Norton Co. (In re C-TC 9th Ave. P'ship)*, 113 F.3d 1304, 1311 (2d Cir. 1997)).

24.    Almost of all of these factors are present here.  As detailed above, (a) the LHW Chapter 11 Case was filed as a single asset real estate case because LHW has only one asset – the Property; (b) LHW's only asset is subject to the pending receivership action in the State Court,

9

which was filed weeks prior to the filing of the LHW Chapter 11 Case; (c) the timing of the filing evidences an intent to delay or frustrate the legitimate efforts of Capital Funding—LHW's senior secured creditor—to obtain appointment of a receiver in the State Court; (d) LHW has little or no cash flow; and (e) LHW has no employees.

25.     The first prong of the bad faith test therefore is satisfied. *See Ancona*, 2016 WL 7868696, at \*8 (finding that cause existed to convert a chapter 11 filed in bad faith to chapter 7 where, *inter alia*, there were "relatively few unsecured claims," other than the movant's claim and insider claims, the case was "essentially . . . a two-party dispute . . . that could have been resolved in [pending state court actions]," the debtor "was under no alleged financial pressure by creditors," therefore the filing, "which delayed [his] need to perfect his appeal" of a decision in one of the state court actions and a trial on damages in the other, evidenced "an intent to frustrate the [movant's] efforts" in the state court actions).

26.     The second prong is also satisfied because LHW's reorganization process is objectively futile.  The only other creditors listed in LHW's chapter 11 petition—Capital Source, LLC and The Capital Foresight Limited Partnership—have also moved to dismiss the LHW Chapter 11 Case and the chapter 11 cases filed by the other Debtors.  See *In re Goldner Capital Management LLC*, Case No. 24-73789 [Docket No. 20].  As a result, LHW cannot propose and confirm a feasible chapter 11 plan.

27.     Accordingly, the Court should dismiss the LHW Chapter 11 Case so that Capital Funding may renew its request for the appointment of a receiver over LHW and the Property in the State Court Action.

10

**II.    IN THE ALTERNATIVE, THE COURT SHOULD GRANT CAPITAL FUNDING RELIEF FROM THE AUTOMATIC STAY TO CONTINUE THE STATE COURT PROCEEDING**

28.    In the event the Court does not dismiss this Chapter 11 Case, Capital Funding requests that the Court grant relief from the automatic stay so that Capital Funding may continue the State Court Action and pursue its rights and remedies with respect to the Collateral under applicable non-bankruptcy law.

29.    Section 362(d) of the Bankruptcy Code governs relief from the automatic stay and provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay--
>
> (1)   for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

30.    "Once the moving party establishes a *prima facie* case for 'cause'" to lift the stay, "the burden shifts to the debtor to disprove its existence." *In re Project Orange Assocs., LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

31.    Whether "cause" exists to modify the stay must be determined on a "case by case basis, taking into consideration the interests of the debtor, the claimants and the estate." *In re MacInnis*, 235 B.R. 255, 259 (S.D.N.Y. 1998) (citing *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr. S.D.N.Y. 1994)); *Manhattan King David Restaurant Inc. v. Levine*, 163 B.R. 36, 40 (S.D.N.Y. 1993) (explaining the "term 'cause' is not defined in the Bankruptcy Code, and whether cause exists should be determined on a case by case basis") (citing *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990)).

32.    "Bad faith may be sufficient 'cause' to lift the automatic stay." *Valid Value*, 2017 WL 123751, at \*5 (citing *Sonnax Indus.,* 907 F.2d at 1286). Indeed, "[i]t is well established that a debtor's lack of good faith in filing a petition for bankruptcy constitutes sufficient 'cause' to lift the stay." *In re MacInnis*, 235 B.R. at 259; *see also In re 68 West 127 Street, LLC,* 285 B.R. 838, 843 (Bankr. S.D.N.Y. 2002) ("Although not expressly stated in section 362(d)(1), it is well established that a debtor's bad faith constitutes 'cause' for relief from the automatic stay under that section.").

33.    When analyzing whether a debtor's actions constitute "bad faith" establishing cause to lift the stay, courts use the same standard for determining whether to dismiss a bad faith filing under section 1112(b). *See Project Orange Assocs.*, 432 B.R. at 112–13; *In re AMC Realty Corp.,* 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001).  In determining whether bad faith exists sufficient to lift the automatic stay, the court should analyze "whether the [d]ebtor . . . ha[s] played by the rules; ha[s] met [his] obligations under the Bankruptcy Code; and ha[s] 'done equity' when invoking the equitable protections the Bankruptcy Code provides." *Project Orange Assocs.*, 432 B.R. at 113.

34.    As demonstrated above, the facts and circumstances of this case—in particular, LHW's filing of the LHW Chapter 11 Case shortly before the scheduled hearing to appoint a receiver over LHW and its only asset, warrant lifting the automatic stay to permit the State Court Action to continue.  Accordingly, the Court should lift the automatic stay to permit Capital Funding to continue pursuing appointment of a receiver over LHW and the Property in the State Court.

35.    If the Court grants Capital Funding relief from the automatic stay, it respectfully requests that the Court waive the requirement under Bankruptcy Rule 4001(a)(3) that its order is stayed for fourteen days after entry.

**CONCLUSION**

WHEREFORE, Capital Funding respectfully requests that the Court enter an order (a)(i) dismissing the LHW Chapter 11 Case, or, in the alternative (ii) granting Capital Funding relief from the automatic stay for the purposes described herein and waiving the requirement under Bankruptcy Rule 4001(a)(3) the order be stayed for fourteen days after entry, and (b) granting Capital Funding such other relief as is just and equitable.

Dated: October 22, 2024
     New York, New York

**BLANK ROME LLP**

By: /s/ Evan J. Zucker
Evan J. Zucker
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 885-5000
Evan.Zucker@blankrome.com

-and-

**BLANK ROME LLP**
Kenneth J. Ottaviano (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: 312-776-2600
Facsimile: 312-776-2601
ken.ottaviano@blankrome.com
Stephanie.horchen@blankrome.com

*Counsel for Capital Funding, LLC*