**<u>EXHIBIT B</u>**

**<u>EXHIBIT B</u>**

## PROMISSORY NOTE

$17,876,340.00
Baltimore, Maryland<br>October 1, 2021

**FOR VALUE RECEIVED**, LHW MASTER TENANT LLC, a Delaware limited liability company (together with its successors and assigns, "Borrower") hereby unconditionally promises to pay to the order of CAPITAL FUNDING, LLC, a Maryland limited liability company (together with its successors and assigns, "Lender") at the office of Agent (as defined herein) at 1422 Clarkview Road, Baltimore, Maryland 21209, or at such other place as Agent may from time to time designate in writing, in lawful money of the United States of America and in immediately available funds, in the principal sum of Seventeen Million Eight Hundred Seventy-Six Thousand Three Hundred Forty and No/100 Dollars ($17,876,340.00) pursuant to the terms of that certain Loan Agreement dated as of the date hereof (as amended, restated, supplemented or otherwise modified from time to time, the "Loan Agreement"), by and among Borrower, various financial institutions as are, or may from time to time become, parties thereto as lenders (collectively or individually, as the context may require, referred to herein as "Lender" or "Lenders") and Capital Funding, LLC, individually as a Lender and as agent for the Lenders (in such capacity and together with its successors and assigns, "Agent"). All capitalized terms used herein (which are not otherwise specifically defined herein) shall be as defined in the Loan Agreement.

1.      The outstanding principal balance of the Loan evidenced by this Promissory Note (as amended, restated, supplemented or otherwise modified from time to time, this "Note") shall be payable in full on the Maturity Date, or on such earlier date as provided for in the Loan Agreement.

2.      This Note is issued in accordance with the provisions of the Loan Agreement and is entitled to the benefits and security of the Loan Agreement and the other Loan Documents, and reference is hereby made to the Loan Agreement for a statement of the terms and conditions under which the Loan evidenced hereby was made and is required to be repaid.

3.      Borrower promises to pay principal and interest from the date hereof until payment in full hereof on the unpaid principal balance of the Loan evidenced hereby at the per annum rate or rates set forth in the Loan Agreement.  Interest on the unpaid principal balance of the Loan evidenced hereby shall be payable on the dates and in the manner set forth in the Loan Agreement. Interest as aforesaid shall be calculated in accordance with the terms of the Loan Agreement.  All payments of principal and interest shall be made in U.S. dollars in immediately available funds and as specified in the Loan Agreement.

4.      Upon and after the occurrence of an Event of Default, and as provided in the Loan Agreement, the Loan evidenced by this Note may be declared, and immediately shall become, due and payable without demand, notice or legal process of any kind; *provided, however,* that upon the occurrence of an Event of Default pursuant to the provisions of Section 8.1(g) of the Loan Agreement, the Loan evidenced by this Note shall automatically be due and payable, without demand, notice or acceleration of any kind whatsoever.

74607109v.2

5.      Payments received in respect of the Loan shall be applied as provided in the Loan Agreement.

6.      This Note is secured by, among other things, liens on and security interests in certain property of Borrower that have been granted to the Agent pursuant to the Loan Documents. Reference is hereby made to the Loan Documents for a description of the Collateral securing this Note, the terms and conditions upon which such liens and security interests were granted and the rights of the holder of this Note in respect thereof.

7.      Presentment, demand, protest and notice of presentment, demand, nonpayment and protest are each hereby waived by Borrower.

8.      No waiver by Agent or any Lender of any one or more defaults by the undersigned in the performance of any of its obligations under this Note shall operate or be construed as a waiver of any future default or defaults, whether of a like or different nature, or as a waiver of any obligation of Borrower to any other lender under the Loan Agreement.

9.      No provision of this Note may be amended, waived or otherwise modified unless such amendment, waiver or other modification is in writing and is signed or otherwise approved by Borrower, the Required Lenders and any other lender under the Loan Agreement to the extent required under the Loan Agreement.

10.     **THIS NOTE AND EACH OTHER LOAN DOCUMENT, AND ALL MATTERS RELATING HERETO OR THERETO OR ARISING THEREFROM (WHETHER SOUNDING IN CONTRACT LAW, TORT LAW OR OTHERWISE), SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF MARYLAND, WITHOUT REGARD TO CONFLICTS OF LAWS PRINCIPLES. BORROWER HEREBY CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED WITHIN BALTIMORE COUNTY, STATE OF MARYLAND, AND IRREVOCABLY AGREES THAT, SUBJECT TO AGENT'S ELECTION, ALL ACTIONS OR PROCEEDINGS ARISING OUT OF OR RELATING TO THIS NOTE OR THE OTHER LOAN DOCUMENTS SHALL BE LITIGATED IN SUCH COURTS. BORROWER EXPRESSLY SUBMITS AND CONSENTS TO THE JURISDICTION OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS. BORROWER HEREBY WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE UPON BORROWER BY CERTIFIED OR REGISTERED MAIL, RETURN RECEIPT REQUESTED, ADDRESSED TO BORROWER AT THE ADDRESS SET FORTH IN THIS NOTE AND SERVICE SO MADE SHALL BE COMPLETE TEN (10) DAYS AFTER THE SAME HAS BEEN POSTED.**

**BORROWER HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THE LOAN DOCUMENTS OR THE TRANSACTIONS CONTEMPLATED THEREBY AND AGREES THAT ANY SUCH ACTION OR PROCEEDING SHALL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY.**

2

74607109v.2

**BORROWER ACKNOWLEDGES THAT THIS WAIVER IS A MATERIAL INDUCEMENT TO AGENT AND LENDERS TO ENTER INTO A BUSINESS RELATIONSHIP, THAT LENDER HAS RELIED ON THE WAIVER IN ENTERING INTO THE LOAN AGREEMENT AND THE OTHER LOAN DOCUMENTS, AND THAT LENDER WILL CONTINUE TO RELY ON THIS WAIVER IN ITS RELATED FUTURE DEALINGS WITH BORROWER. BORROWER WARRANTS AND REPRESENTS THAT IT HAS HAD THE OPPORTUNITY OF REVIEWING THIS JURY WAIVER WITH LEGAL COUNSEL, AND THAT IT KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS.**

11.    Whenever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but in case any provision of or obligation under this Note shall be invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

12.    Whenever in this Note reference is made to Agent, Lender or Borrower, such reference shall be deemed to include, as applicable, a reference to their respective successors and assigns.  The provisions of this Note shall be binding upon Borrower and its successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

13.    In addition to and without limitation of any of the foregoing, this Note shall be deemed to be a Loan Document and shall otherwise be subject to all of general terms and conditions contained in the Loan Agreement, *mutatis mutandis*.

*(Signatures Appear on Following Page)*

3

74607109v.2

IN WITNESS WHEREOF, intending to be legally bound, and intending that this Note constitute an agreement executed under seal, the undersigned have executed this Note under seal as of the day and year first hereinabove set forth.

**BORROWER:**

LHW MASTER TENANT LLC,
a Delaware limited liability company

By: _____
Name: Samuel Goldner
Title: Authorized Person

Signature Page to Promissory Note