**EXHIBIT C**

Recorded in Clay County, Missouri
Date and Time: **10/12/2021 at 03:49:25 PM**
Instrument Number: **2021044434**
Book: **9202**        Page: **23**

Instrument Type: DT
Page Count:  37
Recording Fee:      $132.00 S

**Electronically Recorded**

Katee Porter, Recorder

---

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE ONLY

Title of Document:        Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing

Date of Document:        October 1, 2021

Grantor:        LHW MASTER TENANT LLC, a Delaware limited liability company

Grantor's Address:        525 Chestnut Street, Suite 102, Cedarhurst, NY 11516

Agent:        CAPITAL FUNDING, LLC, a Maryland limited liability company

Agent's Address:        1422 Clarkview Road, Baltimore, Maryland 21209

Legal Description:        See attached page labeled "Exhibit A"

Reference Book and
Page:        N/A

This cover page is attached solely for the purpose of complying with the requirements stated in §§ 59.310.2; 59.313.2 RSMo 2001 of the Missouri Recording Act. The information provided on this cover page shall not be construed as either modifying or supplementing the substantive provisions of the attached document. In the event of a conflict between the provisions of the attached document and the provisions of this cover page, the attached document shall prevail and control.

74608584v.3

Web Copy

**Recording Requested By**
**And When Recorded Mail To:**

Capital Funding, LLC
1422 Clarkview Road
Baltimore, Maryland 21209
Attention: Stephanie Jenifer

---

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT, AND FIXTURE FILING

LHW MASTER TENANT LLC,
a Delaware limited liability company
(as Grantor)

OLD REPUBLIC TITLE COMPANY OF ST. LOUIS, INC.
(as Trustee)

CAPITAL FUNDING, LLC,
a Maryland limited liability company
(as Agent)

Dated: October 1, 2021

Liberty Health and Wellness
2201 Glen Hendren Drive, Liberty, MO 64068

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING

THIS DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS, SECURITY AGREEMENT AND FIXTURE FILING (this "Security Instrument"), is made as of October 1, 2021 is executed by LHW MASTER TENANT LLC, a Delaware limited liability company (together with its successors and assigns, "Grantor"), as trustor, to OLD REPUBLIC TITLE COMPANY OF ST. LOUIS, INC., having its principal office at 9645 Clayton Road, 2nd Floor, St. Louis, Missouri 63124 (the "Trustee"), as trustee, for the benefit of CAPITAL FUNDING, LLC, a Maryland limited liability company, having its principal office at 1422 Clarkview Road, Baltimore, Maryland 21209, in its capacity as Agent (in such capacity, "Agent") for such various financial institutions as are, or may from time to time become, parties thereto as Lenders (as defined below). All capitalized terms not defined herein shall have the respective meanings set forth in the Loan Agreement (as defined below).

WHEREAS, Grantor is the owner and holder of fee simple title in and to all of the real estate located in the City of Liberty, County of Clay, State of Missouri, which is described on Exhibit A attached hereto and made a part hereof, which real estate forms a portion of the Mortgaged Property defined and described below;

WHEREAS, pursuant to a certain Loan Agreement of even date herewith (as the same may be amended, restated, replaced, supplemented or otherwise modified from time to time, the "Loan Agreement"), by and among Grantor, various financial institutions as are, or may from time to time become, parties thereto as lenders (collectively, the "Lenders") and Agent, Borrower has agreed to borrow from Lenders a loan in the original principal amount of Seventeen Million Eight Hundred Seventy-Six Thousand Three Hundred Forty and No/100 Dollars ($17,876,340.00) (the "Loan"), which Loan is evidenced by one or more Promissory Notes, dated as of the date hereof, made by Borrower in favor of Lenders (as the same may be amended, restated, supplemented or otherwise modified from time to time, collectively, the "Note");

WHEREAS, Grantor wishes and intends, by the execution and delivery of this Security Instrument, to (a) secure the full and punctual payment and performance of the Loan Obligations (as defined in the Loan Agreement), and (b) induce the Lenders to make the Loan.

WHEREAS, Grantor IRREVOCABLY GRANTS, CONVEYS AND CONFIRMS, TRANSFERS AND ASSIGNS to Trustee, its successors and assigns, in trust, with power of sale, for the benefit and security of the Grantee, as agent for the benefit of the Lenders, and grants a security interest to Grantee and Trustee, all of its present and future estate, right, title and interest in and to the Land (as defined herein) located in Clay County, State of Missouri, together with all of the other Mortgaged Property (as defined herein); and

WHEREAS, Grantor covenants that Grantor is lawfully seized of the estate hereby conveyed and has the right to grant, convey and assign all of its right, title and interest in and to the Mortgaged Property, that the Mortgaged Property is unencumbered (except as otherwise permitted by the Loan Agreement) and that Grantor will warrant and defend generally the title to the Mortgaged Property against all claims and demands, subject to any Permitted Encumbrances.

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

NOW, THEREFORE, THIS SECURITY INSTRUMENT WITNESSETH, that, in consideration of the premises and the sum of Ten Dollars ($10.00) lawful money of the United States of America, to the Grantor in hand paid, the receipt and sufficiency of which are hereby acknowledged, and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by Grantor, Grantor by these presents does irrevocably and unconditionally grant, convey, transfer and assign to Trustee, its successors and assigns, in trust, for the benefit of Grantee, with power of sale and right of entry and possession all of Grantor's fee simple interest in the Land (as more fully described on Exhibit A attached hereto and made a part hereof) together with all of the other Mortgaged Property (as defined herein).

Notwithstanding anything to the contrary contained herein or in the other Loan Documents, none of Grantor's obligations under or pursuant to the Environmental Indemnity Agreement shall be secured by this Security Instrument.

1.      **DEFINITIONS**.  The following terms, when used in this Security Instrument (including when used in the above Recitals), shall have the following meanings:

(a)     "Accounts" shall have the meaning set forth in the Loan Agreement.

(b)     "Appurtenant Rights" means all air rights, development rights, zoning rights, easements, rights-of-way, strips and gores of land, vaults, streets, roads, alleys, tenements, passages, sewer rights, waters, water courses, water rights and powers, minerals, flowers, shrubs, crops, trees, timber and other emoluments now or hereafter appurtenant to, or used or useful in connection with, or located on, under or above the Land, or any part or parcel thereof, and all ground leases, estates, rights, titles, interests, privileges, liberties, tenements, hereditaments and appurtenances, reversions, and remainders whatsoever, in any way belonging, relating or appertaining to the Land, or any part thereof, now or hereafter.

(c)     "Assignment of Rents" means that certain Assignment of Rents and Leases of even date herewith from Grantor in favor of Lender.

(d)     "Collateral" means, collectively, all of Grantor's right, title and interest in and to the Mortgaged Property and all of Grantor's rights as a secured party in and to the property of Operator to which Operator granted a security interest in favor of Grantor under the Lease, all whether now owned or hereafter acquired, and including replacements, additions, accessions, substitutions, and products thereof and thereto, and all other property which is or hereafter may become subject to a Lien in favor of Lender as security for any of the Loan Obligations.

(e)     "Collateral Agreements" means collectively, as applicable, any security agreements, assignments, pledges or escrow agreements granted for the benefit of the Lender as additional security for the Loan and Loan Obligations.

(f)     "Debt" means the aggregate of the principal of and interest on the Note due and owing from time to time and all expenses, charges and other amounts due and owing from time to time under the Note, the Loan Agreement, this Security Instrument or any other Loan Document, including, without limitation, prepayment premiums, loan fees, late charges, default interest and advances to protect the security of this Security Instrument under Section 7, if any.

4

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

(g)    "Equipment" means all beds, linen, televisions, carpeting, telephones, cash registers, computers, lamps, glassware, rehabilitation equipment, restaurant, restaurant and kitchen equipment, and other fixtures and equipment of Grantor located on, attached to or used or useful in connection with any of the Land or the Facility and all renewals and replacements thereof and substitutions therefore; provided, however, that with respect to any items which are leased for the benefit of the Facility and not owned by Grantor, the Equipment shall include the leasehold interest only of Grantor together with any options to purchase any of said items and any additional or greater rights with respect to such items which Grantor may hereafter acquire, but the foregoing shall not be construed to mean that such leasing shall be permitted hereunder and under the other Loan Documents. Notwithstanding the forgoing, Equipment shall not include any property belonging to tenants under any Leases at the Facility, except to the extent that Grantor shall have rights or interest therein.

(h)    "Event of Default" means the occurrence of any event listed in Section 14, hereof.

(i)    "Facility" means the long term skilled nursing care facility known as "Liberty Health and Wellness" located on the Land, as it may now or hereafter exist, together with any other general or specialized care facilities, if any (including any Alzheimer's care unit, subacute, and any assisted care living facility, now or hereafter operated on the Mortgaged Property).

(j)    "Fixtures" means all property which is now or hereafter so attached to the Land or the Improvements as to constitute a fixture under applicable law and all renewals and replacements thereof and substitutions therefore, including, without limitation: machinery, equipment, engines, boilers, incinerators, installed building materials; systems and equipment for the purpose of supplying or distributing heating, cooling, electricity, gas, water, air, or light; antennas, cable, wiring and conduits used in connection with radio, television, security, fire prevention, or fire detection or otherwise used to carry electronic signals; telephone systems and equipment; elevators and related machinery and equipment; fire detection, prevention and extinguishing systems and apparatus; security and access control systems and apparatus; plumbing systems; water heaters, ranges, stoves, microwave ovens, refrigerators, dishwashers, garbage disposers, washers, dryers and other appliances; light fixtures, awnings, storm windows and storm doors; pictures, screens, blinds, shades, curtains and curtain rods; mirrors; cabinets, paneling, rugs and floor and wall coverings; fences, trees and plants; and exercise equipment. Notwithstanding the forgoing, Fixtures shall not include any property which tenants are entitled to remove pursuant to any leases of the Facility, except to the extent that Grantor shall have any right or interest therein.

(k)    "General Intangibles" means all intangible personal property of Grantor arising out of or connected with the Land or the Facility and all renewals and replacements thereof and substitutions therefore (other than Accounts, Rents, Instruments, Inventory, Money, Permits and Reimbursement Contracts).

(l)    "Governmental Authority" means any board, commission, department or body of any municipal, county, state or federal governmental unit, or any subdivision of any of them, that has or acquires jurisdiction over the Mortgaged Property and/or the Improvements or the use, operation or improvement of the Mortgaged Property.

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

c.    A sale of less than the whole of the Mortgaged Property or any defective or irregular sale made hereunder shall not exhaust the power of sale herein granted, but subsequent sales hereunder may be made by the Trustee as long as and as often as the indebtedness remains unpaid and any of the Mortgaged Property remains unsold, or any defect or irregularity in sale exists. The Trustee shall have the power successively to adjourn the sale for good cause by announcement at the time and place advertised for the sale (or to which it was last adjourned) and any such adjourned sale may be made under the advertisement and notices given for the original time and place fixed for sale. No single sale or series of sales by the Trustee or by any substitute or successor the Trustee under this Security Instrument, and no judicial foreclosure shall exhaust the power of sale under this Security Instrument except with respect to the items of property sold, but such lien and power shall exist for so long as, and may be exercised in any manner by law or in this Security Instrument provided as often as the circumstances require to give Agent full relief hereunder. Agent or any assignee of Agent shall have the right to bid at and become purchaser at any foreclosure sale, applying against the purchase price all or any part of the indebtedness then due and owing hereunder or under the Note, any of the other Loan Documents, or any instrument evidencing a future advance.

(f)    **Future Advances**. THIS SECURITY INSTRUMENT SECURES FUTURE ADVANCES PURSUANT AND FUTURE OBLIGATIONS TO MO. REV. STAT § 443.055 AND SHALL CONTINUE TO SECURE ALL OF THE DEBT UP TO A MAXIMUM PRINCIPAL AMOUNT OF SEVENTEEN MILLION EIGHT HUNDRED SEVENTY-SIX THOUSAND THREE HUNDRED FORTY AND NO/100 DOLLARS ($17,876,340.00) UNTIL THE SECURED INDEBTEDNESS IS PAID IN FULL. THE FUTURE ADVANCES AND FUTURE OBLIGATIONS SECURED HEREBY MAY BE EVIDENCED NOT ONLY BY THE NOTE, AND OTHER LOAN DOCUMENTS HEREIN DESCRIBED, BUT ALSO SUCH OTHER NOTES, GUARANTIES AND OTHER DOCUMENTS EXECUTED AND DELIVERED BY GRANTOR AND/OR THE OTHER BORROWERS TO LENDER SUBSEQUENT TO THE DATE HEREOF PROVIDED THAT, ON THE FACE OR WITHIN THE BODY THEREOF, SUCH NOTES, GUARANTIES OR OTHER DOCUMENTS STATE THAT THEY ARE SECURED BY THIS SECURITY INSTRUMENT. THE PRIORITY OF THE LIEN HEREUNDER SECURING SUCH FUTURE ADVANCES AND FUTURE OBLIGATIONS SHALL RELATE BACK TO THE DATE THIS SECURITY INSTRUMENT WAS RECORDED, ALL IN ACCORDANCE WITH MO. REV. STAT. § 443.055.

(g)    **Collateral Insurance Safe Harbor**. The following notice is given to comply with §427.120 of the Revised Statutes of Missouri.

**UNLESS YOU PROVIDE EVIDENCE OF THE INSURANCE COVERAGE REQUIRED BY YOUR AGREEMENT WITH US, WE MAY PURCHASE INSURANCE AT YOUR EXPENSE TO PROTECT OUR INTERESTS IN YOUR COLLATERAL. THIS INSURANCE MAY, BUT NEED NOT, PROTECT YOUR INTERESTS. THE COVERAGE THAT WE PURCHASE MAY NOT PAY ANY CLAIM THAT YOU MAKE OR ANY CLAIM THAT IS MADE AGAINST YOU IN CONNECTION WITH THE COLLATERAL. YOU MAY LATER CANCEL ANY INSURANCE PURCHASED BY US, BUT ONLY AFTER PROVIDING EVIDENCE THAT YOU HAVE**

32

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

OBTAINED INSURANCE AS REQUIRED BY OUR AGREEMENT. IF WE PURCHASE INSURANCE FOR THE COLLATERAL, YOU WILL BE RESPONSIBLE FOR THE COSTS OF THAT INSURANCE, INCLUDING THE INSURANCE PREMIUM, INTEREST AND ANY OTHER CHARGES WE MAY IMPOSE IN CONNECTION WITH THE PLACEMENT OF THE INSURANCE, UNTIL THE EFFECTIVE DATE OF THE CANCELLATION OR EXPIRATION OF THE INSURANCE. THE COSTS OF THE INSURANCE MAY BE ADDED TO YOUR TOTAL OUTSTANDING BALANCE OR OBLIGATION. THE COSTS OF THE INSURANCE MAY BE MORE THAN THE COST OF INSURANCE YOU MAY BE ABLE TO OBTAIN ON YOUR OWN.

(h)   **Environmental Representation**. Grantor represents and warrants that the Mortgaged Property is not listed on the Registry of Confirmed, Abandoned or Uncontrolled Hazardous Waste Disposal Sites maintained by the Missouri Department of Natural Resources pursuant to §260.440, Missouri Revised Statutes.

(i)   **Oral Agreements**. The following is added pursuant to §432.047 of the Revised Statutes of Missouri.

ORAL OR UNEXECUTED AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE REGARDLESS OF THE LEGAL THEORY UPON WHICH IT IS BASED, THAT IS IN ANY WAY RELATED TO THE LOAN AGREEMENT. TO PROTECT YOU (GRANTOR) AND US (AGENT AND LENDER) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

(j)   **Appointment of Receiver**.   Upon, or at any time after the filing of a complaint to foreclose (or partially foreclose) this Security Instrument or otherwise in accordance with applicable law, the court in which such complaint is filed may appoint a receiver for the Mortgaged Property. Such appointment may be made either before or after sale, without notice, without regard to the solvency or insolvency of Grantor at the time of application for such receiver and without regard to the then value of the Mortgaged Property or whether the same shall be then occupied as a homestead or not and Agent hereunder or any holder of the Note may be appointed as such receiver. Such receiver shall have power to collect the rents, issues and profits of, and the right to sell, the Mortgaged Property (i) during the pendency of such foreclosure suit; (ii) in case of a sale and a deficiency during the full statutory period of redemption, whether there be redemption or not; and (iii) during any further times when Grantor, but for the intervention of such receiver, would be entitled to collect such rents, issues and profits. Such receiver also shall have all other powers which may be necessary or are usual in such cases for the protection, possession, control, management and operation of the Mortgaged Property during the whole of said period,

33

74608584v 3

Sandra Brock, Recorder of Deeds

Web Copy

including, to the extent permitted by law, the right to lease all or any portion of the Mortgaged Property for a term that extends beyond the time of such receiver's possession without obtaining court approval on such lease. The court from time to time may authorize the receiver to apply the net income in his, her or its hands in payment in whole or in part of: (a) the indebtedness secured hereby, or by any decree foreclosing this Security Instrument, or any tax, special assessment or other lien which may be or become superior to the lien hereof or of such decree, provided such application is made prior to foreclosure sale; and (b) the deficiency in case of a sale and deficiency.

(k)    **Business Purpose Statement**. This Security Instrument is security for a loan given in a business transaction as contemplated by Mo. Rev. St. §443.055(10). The Mortgaged Property is not used or bought for personal, family or household purposes.

(l)    **Waiver of Right of Redemption**. Grantor hereby expressly releases and waives any and all rights to retain possession of the Mortgaged Property after the occurrence of an Event of Default hereunder and any and all rights of reinstatement and redemption as described in Mo. Rev. St. §443.410, under any order or decree of foreclosure, pursuant to rights therein granted, on behalf of Grantor and each and every person acquiring any interest in, or title to, the Mortgaged Property described herein subsequent to the date of this Security Instrument, and on behalf of all other persons to the extent permitted by the provisions of Missouri law, or any other applicable law or replacement statutes. It being the intent hereof that any and all such rights to retain possession, or of reinstatement and redemption of Grantor and all other persons are and shall be deemed to be hereby waived to the full extent permitted by the provisions of Missouri law, or any other applicable law or replacement statutes.

(m)    **Agent's Right of Possession After an Event of Default**. After an Event of Default, Grantor shall forthwith and upon demand of Agent, surrender to Agent, and Agent shall be entitled to take, actual possession of the Property or any part thereof personally, or by its agents or attorneys. Agent's rights and remedies under this subsection (m) shall be effective whether before or after the whole principal sum secured hereby is declared to be immediately due and payable hereunder, or whether before or after the institution of legal proceedings to foreclose the lien hereof or before or after sale thereunder. In the event Agent is entitled to take possession of the Property, Agent in its discretion may, with applicable process of law, enter upon and take and maintain possession of all or any part of said Property, together with all documents, books, records, papers and accounts of Grantor or the then owner of the Property relating thereto, and may exclude Grantor or its employees, agents or servants, wholly therefrom. In such case Agent, under the powers herein granted, may hold, operate, manage and control the Mortgaged Property and conduct the business, if any, thereof, either personally or by its agents. Agent shall have full power to use such measures, legal or equitable, as in its discretion may be deemed proper or necessary to enforce the payment or security of the avails, rents, issues, and profits of the Mortgaged Property, including actions for the recovery of rent, actions, in forcible detainer and actions in distress for rent. Without limiting the generality of the foregoing, Agent shall have full power:

a.    To cancel or terminate any lease or sublease for any cause or on any ground which would entitle Grantor to cancel the same;

34

74608584v.3

Web Copy

      b.      To elect to disaffirm any lease or sublease which is then subordinate (and not otherwise subject to a subordination and attornment agreement that has not been rejected by Operator) to the lien hereof;

      c.      To extend or modify any then existing leases and to enter new leases, which extensions, modifications and leases may provide for terms to expire, or for options to lessees to extend or renew terms to expire, beyond the Maturity Date and beyond the date of the issuance of a deed or deeds to a purchaser or purchasers at a foreclosure sale, it being understood and agreed that any such leases, and the options or other such provisions to be contained therein, shall be binding upon Grantor and all persons whose interests in the Mortgaged Property are subject to the lien hereof and upon the purchaser or purchasers at any foreclosure sale, notwithstanding any redemption from sale, discharge of the indebtedness, satisfaction of any foreclosure judgment, or issuance of any certificate of sale or deed to any purchaser;

      d.      To make any repairs, decorating, renewals, replacements, alterations, additions, betterments and improvements to the Mortgaged Property as to it may seem judicious;

      e.      To insure and reinsure the same and all risks incidental to Agent's possession, operation and management thereof; and

      f.      To receive all of such avails, rents, issues and profits; hereby granting full power and authority to exercise each and every of the rights, privileges and powers herein granted at any and all times hereafter without notice to Grantor.

Unless and until Agent takes actual possession of the Mortgaged Property, Agent shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any lease or any obligation, duty or liability of Grantor. To the extent provided by law, Grantor shall and does hereby agree to protect, indemnify, defend and hold Agent harmless of and from any and all liability, loss or damage which it may or might incur under said leases or under or by reason of the assignment thereof and of and from any and all claims and demands whatsoever which may be asserted against it by reason of any alleged obligations or undertakings on its part to perform or discharge any of the terms, covenants or agreements contained in any Lease or in connection with any obligation, duty or liability of Grantor, except for such claims and demands as result directly from the negligent or willful actions of Agent. Should Agent incur any such liability, loss or damage under said leases or under or by reason of the assignment thereof, or in the defense of any claims or demands, the amount thereof, including costs, expenses and attorneys' fees, shall be so much additional indebtedness secured hereby, and shall become immediately due and payable on demand.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

**SIGNATURE ON NEXT PAGE**

74608584v.3

Sandra Brock, Recorder of Deeds

Web Copy

IN WITNESS WHEREOF, Grantor has caused this Security Instrument to be executed *under seal* as of the day and year first written above.

GRANTOR:

LHW MASTER TENANT LLC,
a Delaware limited liability company

By: _____
Name: Samuel Goldner
Title: Authorized Person

### NOTARY ACKNOWLEDGMENT

State of New York        )
County of __Nassau__    ) ss.:

On __September 17__ , 2021, before me, the undersigned, personally appeared

__Samuel Goldner__ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ , Notary Public
Print Name: Warren Fendrich

(SEAL)

WARREN FENDRICH
Notary Public - State of New York
NO. 01FE6399629
Qualified in Queens County
My Commission Expires Oct 28, 2023

Signature Page to Deed of Trust

Sandra Brock, Recorder of Deeds

Web Copy

## EXHIBIT A

### LEGAL DESCRIPTION

All of Lot 1, LIBERTY TERRACE FIRST PLAT, a subdivision in Liberty, Clay County, Missouri, according to the recorded plat thereof.

FOR INFORMATION ONLY:
Address: 2201 Glenn Hendren Drive, Liberty, MO, 64068-3375
Parcel No. 11-703-00-01-002.00

74608584v.3

Sandra Brock, Recorder of Deeds