and remedies set forth in the Loan Documents and the Guaranty and such other rights in law or in equity as may be available to Agent and Lenders.

6.     Conditions Precedent to Forbearance. It shall be a condition precedent to all obligations of Agent and Lenders hereunder that all of the following conditions precedent shall have been and shall continue to be satisfied:

(a)     No Forbearance Termination Event shall have occurred.

(b)     Borrower shall have paid all attorneys' fees incurred to date by Agent, Agent's counsel, each Lender and each Lender's counsel in connection with the preparation of all documents contemplated herein, in Agent's enforcement of the Designated Defaults, and in preparation of this Agreement.

(c)     Borrower acknowledges that, as of the date hereof, the Earn-out Holdback is $10,000,000.00. Borrower further consents to Agent and Lender setting off the Earn-out Holdback against the outstanding principal balance of the Loan and Agent and Lender shall have completed setoff of same.

(d)     At the election of, and in the sole discretion of Agent and Lender, Borrower consents to the future appointment of a receiver with respect to the Collateral Property and further agrees, at the sole of discretion of Agent and Lender, to cause Operator to consent to appointment of a receiver.

(e)     Agent shall have received evidence satisfactory to the Agent, in Agent's sole and absolute discretion, that Borrower's and Guarantor's execution and delivery of this Agreement and all documents, instruments and agreements executed in connection herewith, have been duly authorized by all necessary action.

7.     General Release; Waiver.

(a)     For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, each of Borrower and Guarantor, for themselves and their respective predecessors, heirs, successors and assigns, do hereby waive, release, acquit and forever discharge Agent, each Lender and all of Agent's and each Lender's past, present, and future directors, officers, employees, agents, attorneys, principals, shareholders, partners, representatives, joint venturers, affiliates, parent and affiliated companies, subsidiaries, sureties and insurers, predecessors, successors, heirs, executors, administrators and assigns (collectively, the "Lenders' Related Persons"), and each of them, of and from any and all claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, cause or causes of action, debts, sums of money, accounts, compensation, contracts, controversies, promises, damages, costs, losses and expenses of every type, kind, nature, description, or character, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, that any or all of Borrower and Guarantor has or asserts or may hereafter have or assert against Agent or any Lender or any of the Lenders' Related Persons that in any way arise out of, are connected with or related to the Loan, the Loan Documents, the Guaranty or any of the transactions contemplated herein and therein or any earlier or other agreement or document referred to therein or any other action, claim, cause of

action, demand, damage or cost of whatever nature as of the date of this Agreement (collectively, the "Released Claims").

(c)    The agreements of Borrower and Guarantor set forth in this Section 7 shall inure to the benefit of the successors, assigns, insurers, administrators, officers, agents, employees, attorneys, and representatives of Agent, Lenders and the Lenders' Related Persons. To the extent that the releases as set forth above run to the favor of persons or entities not signatories hereto, this Agreement is hereby declared to be made in and for their respective benefits and uses.

(d)    Without limiting the generality of Section 7(a), the each of Borrower and Guarantor hereby represent and warrant to Agent and Lenders that they have read the foregoing releases and waivers, have obtained the advice of counsel regarding the releases and waivers, have agreed to the provisions of this Section 7 with full knowledge and understanding of the significance, extent, effect and consequences of the various releases and waivers granted pursuant to this Section 7 and of the importance to Agent and Lenders of these waivers and releases, and are making the agreements, releases and waivers herein of their own volition and without any coercion or duress.

(e)    The releases contained in this Section 7 are not to be construed and do not constitute an admission of liability on the part of Agent or any Lender.  This release shall constitute an absolute bar to any Released Claim of any kind, whether such claim is based on contract, tort, warranty, mistake or any other theory, whether legal, statutory or equitable.  Each of Borrower and Guarantor specifically agree that any attempt to assert a claim barred hereby shall subject each of them to the provisions of applicable law setting forth the remedies for the bringing of groundless, frivolous or baseless claims or causes of action.

(f)    The releases contained in this Section 7 are not intended to, and shall not extend to, or in any way release, acquit, or discharge any of the rights, duties, or obligations arising from, created by, or maintained by this Agreement.

(g)    Each of Borrower and Guarantor represent and warrant to Agent and Lenders that each of Borrower and Guarantor alone are the owners of the Released Claims and that they have not heretofore hypothecated, pledged, encumbered, assigned or transferred, nor purported to hypothecate, pledge, encumber, assign or transfer, to any person or entity any of the Released Claims.  Each of Borrower and Guarantor further agree to indemnify, protect, defend and hold Agent and Lenders harmless from and against any and all claims, demands, losses, liabilities, damages, costs and expenses (including attorneys' fees and court costs) incurred by Agent and/or any Lender as the result of any person or entity asserting any such hypothecation, pledge, encumbering, assignment or transfer of any of the Released Claims.

8.    Miscellaneous.

8.1    Integration; Modifications. This Agreement contains the entire agreement between Borrower, Guarantor, Agent and Lenders with respect to the subject matter hereof and, except to the extent that it modifies and amends the Loan Documents, supersedes all prior agreements and understandings with respect thereto.  This Agreement may not be changed,

93179912v.2

modified, or supplemented except by a writing signed by the Party against whom enforcement of such change, modification or supplement is sought.

8.2    Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original (including copies sent by facsimile transmission or electronically), but all of which together shall constitute but one and the same instrument.

8.3    Full Force and Effect of Loan Documents; Conflicts.  Except as specifically set forth herein, the Loan Documents are not amended or modified in any respect, and each of them remains in full force and effect.  In the event of any conflict or inconsistency between the terms and conditions of this Agreement and the other Loan Documents, the terms and conditions of this Agreement shall prevail.

8.4    Attorneys' Fees.  In any legal action, arbitration, or other proceeding brought to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorneys' fees and any other costs incurred in that proceeding in addition to any other relief to which it is entitled (including bankruptcy and appellate proceedings).  The provisions of this Section constitute a distinct and severable agreement from the contractual rights created by this Agreement.  In the event of a judgment against one party concerning any aspect of this Agreement, the right to recover post-judgment attorneys' fees incurred in enforcing the judgment shall not be merged into and extinguished by any money judgment.

8.5    Severability.  If any provision of this Agreement is found invalid, illegal or unenforceable, such provision shall be severed from this Agreement, and the validity, legality and enforceability of the remaining provisions shall not be impaired or affected thereby.

8.6    Time of the Essence.  Time is of the essence in the performance of each provision and satisfaction of each condition hereof.

8.7    No Waiver.  No failure or delay on the part of Agent or any Lender in the exercise of any power, right or remedy, and no course of dealing between Borrower and/or Guarantor and Agent shall operate as a waiver of such power, right or remedy, nor shall any single or partial exercise of any power, right or remedy preclude other or further exercise thereof or the exercise of any other power, right or remedy.  Without limiting the generality of the foregoing, Agent's and each Lender's forbearance hereunder shall not constitute a waiver of any succeeding breach or default by Borrower or Guarantor.

8.8    Governing Law.  This Agreement shall be governed by and interpreted in accordance with the laws of the State of Maryland without regard to rules concerning conflicts of laws, except to the extent federal law is applicable to Agent.

8.9    Further Assurances.  Borrower and Guarantor will, upon Agent's request, execute, acknowledge and deliver, or cause to be executed, acknowledged and delivered, to the Agent any and all documents, instruments and agreements and shall perform such acts as may be necessary or desirable, in Agent's judgment, to effectuate the intent and purpose of this Agreement and the other Loan Documents.

8.10    Binding Effect. This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, representatives, successors and permitted assigns.

8.11    Interpretation. This Agreement is the result of negotiations between, and has been reviewed by counsel to, Borrower, Guarantor, Agent and Lenders, and is the product of all of the Parties. Accordingly, this Agreement shall not be construed against Agent merely because of its involvement in the preparation of this Agreement.

8.12    Notices. Any notice, demand, request, legal process or other communication that any party hereto may be required or may desire to give hereunder or under the Loan Documents shall be in writing and shall be deemed to have been properly given (a) if hand delivered, when delivered, (b) if mailed by United States mail, certified or registered, postage prepaid, two Business Days after mailing, (c) if by Federal Express or other reliable overnight courier service, on the next business day after delivered to such courier service, or (d) if by facsimile, on the day of transmission, so long as copy is sent on the same day by overnight courier, at the address set forth below, or at such other address as the party to be served with notice may have furnished in writing to the party seeking or desiring to serve notice as a place for the service of notice.

Agent and Lenders:    Capital Funding, LLC
1422 Clarkview Road
Baltimore, Maryland  21209
Attention:  Account Manager – Liberty

with a copy to:    Seyfarth Shaw LLP
560 Mission Street, Suite 3100
San Francisco, CA 94105
Attention:  Robin S. Freeman
Phone: (415) 544-1051
Fax: (415) 397-2823

Borrower
and/or Guarantor:    *Samuel Goldner*

Attention: _____

Any notice to any one of Borrower or Guarantor shall be deemed notice to all of them.

8.13    No Third Party Beneficiary. Nothing contained in this Agreement is intended, nor shall it be construed or deemed, to confer any rights, powers, or privileges on any person or entity not a Party or a permitted successor or assign of a Party or any Lenders' Related Person.

8.14    No Reliance Upon Other Representations; Independent Counsel. The Parties acknowledge that they have not executed this Agreement in reliance upon any promises, representations, warranties or statements not set forth in writing herein, that they are not acting under any misrepresentation or misapprehension as to this Agreement's legal effect, and that this

93179912v.2

Agreement has not been executed under any kind of duress, intimidation, coercion or compulsion.  The Parties further acknowledge and represent that that they (a) have been represented by legal counsel in connection with the negotiation of the terms of this Agreement, (b) read this Agreement carefully prior to signing it, and (c) understand its contents.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]

93179912v.2

**IN WITNESS WHEREOF,** the undersigned have executed this Agreement as of the year and date first set forth above.

BORROWER:

LHW MASTER TENANT, LLC,
a Delaware limited liability company

By: *Samuel Goldner*
Name: _____Samuel Goldner_____
Title: _____Manager_____