**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

In re:

Goldner Capital Management LLC, *et al.*[1],                                    Chapter 11

                                                                                          Case No. 24-73789

                                          Debtor.
----------------------------------------------------------------X

### DECLARATION OF WILLIAM MILLER IN SUPPORT OF MOTION FOR (1) LIMITED RELIEF FROM AUTOMATIC STAY AS TO GOLDMAR CAPITAL MANAGEMENT LLC, AND (2) DECLARATION THAT AUTOMATIC STAY DOES NOT APPLY AS TO NON-DEBTORS

I, **William Miller,** hereby declare as follows:

1.        I am a CEO of Vertical Health Services LLC ("VHS"). Each of the Entity

Movants[2] have authorized VHS to act on their behalf in these bankruptcy proceedings. I am

familiar with the facts contained in this Declaration.

2.        I make this Declaration on behalf of the Movants in support of the Motion for (1)

limited relief from the automatic stay provisions for cause related to Goldner Capital

Management LLC ("GCM") so that it may resume litigation pending in state court; and (2) a

---

[1]        The Debtors in these jointly administered chapter 11 cases are: GCM Manager LLC (Case No. 24-73790), GCM Parkside LLC (Case No. 24-73791), GCM UP LLC (Case No. 24-73792), GCM Wash LLC (Case No. 24-73793), LHW Master Tenant LLC (Case No. 24-73794), Missouri MT Holdings LLC (Case No. 24-73795).
[2]        Capitalized terms have the same meaning as defined in the Motion.

Page 1

declaration that the automatic stay does not apply to non-debtors, or in the alternative, granting relief from the automatic stay provisions for cause (the "Motion").

3.      On February 21, 2024, the Entity Movants filed a Complaint against Defendants in the State Court. A true and correct copy of the Complaint is attached hereto as <u>Exhibit A</u>.

4.      On March 7, 2024, Defendants filed their Answer to Complaint, Counterclaims and Third-Party Complaint naming me as a third-party defendant. A true and correct copy of the Answer to Complaint, Counterclaims and Third-Party Complaint is attached hereto as <u>Exhibit B</u>.

5.      On April 1, 2024, Movants filed their Answer and Affirmative Defenses to Defendants' Counterclaims and Third-Party Complaint, a true and correct copy of which is attached hereto as <u>Exhibit C</u>.

6.      The parties proceeded to prosecute their respective claims in the Litigation through discovery and motion practice until October 2, 2024, when the Debtors filed these Chapter 11 cases, and GCM filed a Notice of Stay in the Litigation, a true and correct copy of which is attached hereto as <u>Exhibit D</u>.

7.      Discovery was well under way as of October 2, 2024. After Movants successfully moved to compel Defendants, Defendants have begun producing thousands of documents.  Mr. Goldner and myself have been deposed in the Litigation.

8.      Prior to the filing of the Notice of Stay, both parties had requested a summary judgment hearing, with the deadline to file summary judgment pleadings in the Litigation set for October 18, 2024. Movants did not file any dispositive motions based on the Notice of Stay filed in the Litigation.

9.      On October 18, 2024, despite the Notice of Stay, Mr. Goldner and WA3 OP Univ LLC Moved for Partial Summary Judgment for their dismissal as defendants to the Litigation, a true and correct copy of which is attached hereto as <u>Exhibit E</u>.

10.     Movants seek limited relief from stay as to GCM and a declaration confirming the stay is inapplicable as to the Non-debtor Defendants in order to prosecute the Litigation and exercise their remedies to the fullest extent permitted under Washington law, including but not limited to defending against Mr. Goldner and WA3 OP Univ LLC's Motion for Summary Judgment, moving for the extension of time to bring initiate summary judgment proceedings, continuing with discovery, conducting a trial, and obtaining prejudgment writs of attachment as to the Non-debtor Defendant's real property.

11.     In the event judgment is rendered in Movant's favor against GCM, Movants will seek appropriate relief from this Court prior to seeking enforcement of any judgment.

12.     The trial in the Litigation is currently scheduled for February 24, 2025.

13.     I declare under the penalty of perjury that the foregoing is true and correct.


DATED this 23rd day of October, 2024.



By _____

William Miller

# EXHIBIT A

1

2

3

4

5

6

7                    SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    TALBOT RD. S I HEALTHCARE LLC,
     SOUTHWEST 2ND STREET                    No. 24-2-03923-6 KNT
9    HEALTHCARE LLC, and BRIDGEPORT
     WAY W HEALTHCARE LLC,                    COMPLAINT FOR DAMAGES,
10                                            DECLARATORY RELIEF, AND
                              Plaintiffs,     REQUEST FOR A SPEEDY
11                                            HEARING
             v.
12
     SAMUEL GOLDNER, WA3
13   PROPERTIES TALBOT LLC, WA3
     PROPERTIES RENTON LLC, WA3
14   PROPERTIES UNIV LLC, WA3 OP
     RENTON LLC, WA3 OP TALBOT LLC,
15   WA3 UNIV LLC, WA3 OP UNIV LLC,
     and GOLDNER CAPITAL
16   MANAGEMENT, LLC,

17                            Defendants.

18

19          Plaintiffs Talbot Rd. S I Healthcare LLC, Southwest 2nd Street Healthcare LLC,

20   and Bridgeport Way W Healthcare LLC, bring this complaint against Defendants Samuel

21   Goldner, WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties

22   Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Univ LLC, WA3 Op Univ

23   LLC, and Goldner Capital Management LLC. Plaintiffs allege as follows:

24

25

26

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
AND REQUEST FOR A SPEEDY HEARING – Page 1

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# I. PARTIES

**A.     Parties to the Leases**

1.      Plaintiff Talbot Rd. S I Healthcare LLC (the "**Talbot Plaintiff**") is a Delaware limited liability company.

2.      On information and belief, Defendant Samuel Goldner is an individual residing in Lawrence, New York.

3.      Defendant Samuel Goldner signed contracts on behalf of Defendant WA3 Properties Talbot LLC. As of July 15, 2023, Defendant WA3 Properties Talbot LLC was cancelled by the Delaware Secretary of State, and Goldner was personally liable for contracts he signed on behalf of WA3 Properties Talbot LLC. Goldner and WA3 Properties Talbot LLC will be referred to collectively as the "**Talbot Landlord.**"

4.      The Talbot Landlord owns the real property, improvements, and personal property constituting a 136-bed skilled nursing facility located at 4430 Talbot Road S., in Renton, Washington (the "**Talbot Facility**"). The Talbot Landlord leased this facility to the Talbot Plaintiff pursuant to a September 1, 2023, Lease (the "**Talbot Facility Lease**").

5.      Plaintiff Southwest 2nd Street Healthcare LLC (the "**Renton Plaintiff**") is a Delaware limited liability company.

6.      Goldner signed contracts on behalf of Defendant WA3 Properties Renton LLC. As of July 15, 2023, Defendant WA3 Properties Renton LLC was cancelled by the Delaware Secretary of State, and Goldner was personally liable for contracts he signed on behalf of WA3 Properties Renton LLC. Goldner and WA3 Properties Renton LLC will be referred to collectively as the "**Renton Landlord.**"

7.      The Renton Landlord owns the real property, improvements, and personal property constituting a 99-bed skilled nursing facility located at 80 SW 2nd Street in Renton, Washington (the "**Renton Facility**"). The Renton Landlord leased this facility to

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

the Renton Plaintiff pursuant to a September 1, 2023, Lease (the "**Renton Facility Lease**").

8.      Plaintiff Bridgeport Way W Healthcare LLC (the "**University Place Plaintiff**") is a Delaware limited liability company.

9.      Goldner signed contracts on behalf of Defendant WA3 Properties Univ LLC. As of July 15, 2023, Defendant WA3 Properties Univ LLC was canceled by the Delaware Secretary of State, and Goldner was personally liable for contracts he signed on behalf of WA3 Properties Univ LLC. Goldner and WA3 Properties Univ LLC will be referred to collectively as the "**University Place Landlord**."

10.      The University Place Landlord owns the real property, improvements, and personal property constituting a 120-bed skilled nursing facility located at 5520 Bridgeport Way West in University Place, Washington (the "**University Place Facility**"). The University Place Landlord leased this facility to the University Place Plaintiff pursuant to a September 1, 2023, Lease (the "**University Place Facility Lease**").

11.      Collectively, the Talbot Landlord, the Renton Landlord, and the University Place Landlord will be referred to as the "**Landlords**."

12.      Collectively, the Talbot Facility, the Renton Facility, and the University Place Facility will be referred to as the "**Facilities**."

13.      Collectively, the Talbot Facility Lease, the Renton Facility Lease, and the University Place Facility Lease will be referred to as the "**Leases**."

**B.      Parties to the Operating Transfer Agreements**

14.      WA3 Op Talbot LLC was a Delaware limited liability company that previously operated the Talbot Facility. As of July 15, 2023, WA3 Op Talbot LLC was canceled by the Delaware Secretary of State, and Goldner was personally liable for contracts he signed on behalf of WA3 Op Talbot LLC. Goldner and WA3 Op Talbot LLC will be referred to collectively as the "**Former Talbot Operator**."

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND REQUEST FOR A SPEEDY HEARING – Page 3

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

15.    The Talbot Plaintiff and the Former Talbot Operator executed a September 1, 2023, Operations Transfer Agreement (the "**Talbot OTA**"), pursuant to which the parties agreed to certain obligations and responsibilities concerning the transfer of operations of the Talbot Facility.

16.    Defendant WA3 Op Renton LLC was a Delaware limited liability company that previously operated the Renton Facility. As of August 18, 2023, WA3 Op Renton LLC was canceled by the Delaware Secretary of State, and Goldner was personally liable for contracts he signed on behalf of WA3 Op Renton LLC. Goldner and WA3 Op Renton LLC will be referred to collectively as the "**Former Renton Operator**."

17.    The Renton Plaintiff and the Former Renton Operator executed a September 1, 2023, Operations Transfer Agreement (the "**Renton OTA**"), pursuant to which the parties agreed to certain obligations and responsibilities concerning the transfer of operations of the Renton Facility.

18.    Defendant WA 3 Univ LLC was purported to be a Delaware limited liability company that formerly operated the University Place Facility. Goldner executed a September 1, 2023, Operations Transfer Agreement with the University Place Plaintiff on behalf of the WA 3 Univ LLC entity (the "**University Place OTA**"). On information and belief, WA 3 Univ LLC is not a Delaware entity.

19.    On information and belief, the former operator of the University Place Facility was Defendant WA 3 Op Univ LLC. As of August 18, 2023, Defendant WA 3 Op Univ LLC was canceled by the Delaware Secretary of State. Goldner was personally liable for contracts he signed on behalf of Defendant WA 3 Univ LLC (a non-existent entity) or WA 3 Op Univ LLC (a canceled entity). Goldner, Defendant WA 3 Univ LLC, and Defendant WA 3 Op Univ LLC will be referred to collectively as the "**Former University Place Operator**."

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

20.     In the University Place OTA, the University Place Plaintiff and the Former University Place Operator agreed to certain obligations and responsibilities concerning the transfer of operations of the University Place Facility.

21.     Collectively, the Former Talbot Operator, the Former Renton Operator, and the Former University Place Operator will be referred to as the "**Former Operators**."

22.     Collectively, the Talbot OTA, the Renton OTA, and the University Place OTA will be referred to as the "**OTAs**."

**C.     Goldner Entities**

23.     On information and belief, Goldner Capital Management LLC ("**Goldner Capital**") is a Delaware limited liability company with its principal place of business in Lawrence, New York. On information and belief, Goldner Capital is Goldner's personal entity and directed by Goldner.

## II. JURISDICTION AND VENUE

24.     Jurisdiction in this Court is proper because this action seeks both legal and equitable relief. Venue is proper because some of the Facilities are in King County, Washington.

25.     In addition, pursuant to the Leases and OTAs, venue and jurisdiction in this Court is appropriate.

## III. FACTS

**A.     Landlords Have Made Improper Demands**

26.     When executing the Leases, Plaintiffs and Landlords executed additional agreements that governed their rights and obligations as landlords and tenants, including with respect to third-parties.

27.     For example, the Facilities were subject to one or more mortgages provided by mortgage lender Merchants Bank of Indiana ("**MBI**"). The Plaintiffs and Landlords executed "**Lease Payment Agreements**," which required Plaintiffs to pay (or direct) all

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
AND REQUEST FOR A SPEEDY HEARING – Page 5

rent directly to MBI.

28.     The Leases acknowledge this arrangement. Landlords acknowledged in the Lease that they were assigning their rights to receive rent to the mortgage lender, and that the mortgage lender would have exclusive authority to exercise the Landlords' remedies related to payment of rent.

29.     On January 31, 2024, Goldner demanded that Plaintiffs pay rent to Goldner Capital, not MBI.

30.     Plaintiffs inquired with MBI. MBI stated that the Lease Payment Agreements have not changed and Plaintiffs must direct rent to MBI, not Goldner Capital.

31.     Plaintiffs informed Goldner that they must direct rent to MBI under the various agreements the parties signed.

32.     On February 5, 2024, purporting to act through the defunct Landlord entities, Goldner sent Plaintiffs a purported "Notices of Default." The notice letter demanded rent, late charges, and interest. The notice letter stated that if Landlords did not receive certain rent payments by specified dates, Landlords would seek various remedies, including appointment of a receiver over the Facilities and claims against the Plaintiffs' guarantor, Vertical Health Services, LLC.

33.     If Plaintiffs complied with Landlords' demands, Plaintiffs would breach their obligations to MBI under the Lease Payment Agreements. Landlords had no right under the Leases to make these demands or to seek enforcement of remedies under the Leases.

**B.      The Former Operators Have Breached the OTAs**

34.     The Former Operators have repeatedly breached numerous obligations to the Plaintiffs under the OTAs.

35.     For example, the Former Operators must indemnify Plaintiffs for certain expenses and liabilities. Plaintiffs have incurred indemnifiable expenses and liabilities and

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND REQUEST FOR A SPEEDY HEARING – Page 6

have demanded indemnification for such expenses from the Former Operators under the OTAs. The Former Operators have failed to indemnify Plaintiffs as required.

36.    These and other breaches of the OTAs have damaged Plaintiffs in an amount to be proven at trial.

**C.    Goldner Is Personally Liable for All Lease and OTA Obligations**

37.    Goldner is personally liable for all obligations of contracts he signed on behalf of defunct and non-existent entities.

38.    Goldner signed the Leases and OTAs on behalf of canceled or non-existent entities.

39.    Goldner bears responsibility for all obligations and liabilities of WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Univ LLC, and WA3 Op Univ LLC, under the OTAs and Leases.

**D.    Goldner and Goldner Capital Have Failed to Respect the Corporate Form**

40.    On information and belief, Goldner and Goldner Capital are using entities to commit financial malfeasance throughout the country, leaving numerous injured parties in their wake. Nursing homes affiliated with Goldner and Goldner Capital ("**Goldner Nursing Homes**") have been shut down throughout the country by both state and federal governmental authorities, including due to findings that various acts or omissions threatened resident health and welfare. Goldner Nursing Homes have been put into receivership, with Court findings that receivership was necessary to protect against misappropriation, impairment, and waste. Goldner and Goldner Capital have been named in lawsuits by residents, landlords, lenders, and vendors.

41.    Goldner, Goldner Capital, and their affiliates have abused the corporate form. As described above, Goldner has not kept his various entities in good standing and yet he has continued to sign contracts on behalf of defunct entities. Goldner has demanded

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

payment of rents purportedly belonging to the Landlords but sought those payments to be directed to Goldner Capital's bank accounts rather than where required by the Lease Payment Agreements. On information and belief, Goldner and Goldner Capital have under-funded entities and operations throughout the country and have attempted to use the corporate form to avoid obligations to vendors and creditors and to escape liability from violations of state and federal law.

42.     On information and belief, Goldner, Goldner Capital, and their affiliates have co-mingled and misused funds. Defendants have received funds that, by contract, belong to or are due to Plaintiffs; however, on information and belief, Goldner and Goldner Capital have used those funds for unrelated entities and projects, as directed by Goldner.

43.     If Goldner is permitted to use the corporate form to avoid liability under the contracts he signed with Plaintiffs, Goldner will work an extreme injustice on his contract counterparties in Washington, including Plaintiffs, and potentially on the residents of the nursing homes who Plaintiffs serve.

### IV. FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

44.     Plaintiffs re-allege and incorporate by reference the foregoing allegations.

45.     The Leases and Lease Payment Agreements are valid, binding contracts between Landlords (which includes Goldner personally as the signatory of defunct entities), Plaintiffs, and MBI (among others). These contracts require Plaintiffs to pay rent to MBI.

46.     Under these contracts, Landlords have no right to demand rent or threaten action based on the non-payment of rent. Landlords have attempted to cause Plaintiffs to breach their contractual obligations to MBI. Plaintiffs seek a declaration that Plaintiffs paying rent to MBI does not give rise to a breach of the Leases, and that Landlords have no rights or remedies under the Leases related to the payment of rent.

LAW OFFICES OF
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

47.     The facts set forth above show the existence of an actual, justiciable controversy involving specific claims regarding the interpretation and effect of the Leases and Lease Payment Agreements and the rights and obligations of the parties under those contracts. The claims are ripe for adjudication, and all facts necessary for an adjudication of this dispute have occurred.

## V. SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT

48.     Plaintiffs re-allege and incorporate by reference the foregoing allegations.

49.     The Former Operators and Landlords (all of which include Goldner personally as the signatory of canceled or non-existent entities) are parties to binding contracts with Plaintiffs described above.

50.     The Former Operators and Landlords have breached, or attempted to breach, those contracts as described above.

51.     These breaches have directly damaged Plaintiffs in an amount to be proven at trial.

52.     Defendants Goldner, WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Op Univ LLC, and WA3 Univ LLC are liable to Plaintiffs for such damages.

## VI. THIRD CAUSE OF ACTION:
## BREACH OF THE WASHINGTON CONSUMER PROTECTION ACT
## RCW 19.86, ET SEQ.

53.     Plaintiffs re-allege and incorporate by reference the foregoing allegations.

54.     By their actions, Goldner and Goldner Capital have performed deceptive and unfair acts.

55.     These acts harmed the public interest and injured Plaintiffs' business and property, in an amount to be proven at trial.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

## VII. FOURTH CAUSE OF ACTION:
## PIERCING THE CORPORATE VEIL (IN THE ALTERNATIVE)

56.     Plaintiffs re-allege and incorporate by reference the foregoing allegations.

57.     Goldner is personally liable for the above claims due to his actions. Goldner Capital is liable for the Third Cause of Action due to its actions.

58.     In the alternative, Goldner and Goldner Capital are also liable for the relief sought against all defendants because they have abused the corporate form, including the corporate form of Defendants WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Op Univ LLC, and WA3 Univ LLC.

59.     If Goldner and Goldner Capital are permitted to abuse the corporate form, Plaintiffs (among others) will be inequitably harmed.

60.     As a result, the corporate veil must be pierced, and Goldner and Goldner Capital must be held liable for the obligations of Defendants WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Op Univ LLC, and WA3 Univ LLC.

## VIII. PRAYER FOR RELIEF

Plaintiffs request the following relief:

With respect to the First Cause of Action:

A.     An order directing a speedy hearing of this action for declaratory judgment and advancing such hearing on the Court's calendar pursuant to CR 57;

B.     A declaration of the parties' rights and obligations under the Leases and Lease Payment Agreements;

C.     A declaration that Plaintiffs' rent payments are to be made to MBI, and not Goldner Capital or Landlords; and

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
AND REQUEST FOR A SPEEDY HEARING – Page 10

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

D.     A declaration that Landlords have no right to demand rents from Plaintiffs or to otherwise enforce any rights or remedies related to rents under the Leases, as such rights and remedies have been assigned to MBI.

With respect to the Second and Third Causes of Action:

E.     Damages in an amount to be proven at trial.

With respect to the Fourth Cause of Action:

F.     A declaration that Goldner and Goldner Capital Management are liable to Plaintiffs for the debts and obligations of WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Op Univ LLC, and WA3 Univ LLC.

With respect to all causes of action:

G.     Attorneys' fees and costs to the extent provided by contract or law; and

H.     Such other relief as the Court deems just and proper.

DATED this 20th day of February, 2024.

McNAUL EBEL NAWROT & HELGREN PLLC

By: _s/ Daniel M. Weiskopf_
     Daniel M. Weiskopf, WSBA No. 44941
     Leslie E. Swanson, WSBA No. 50792

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
dweiskopf@mcnaul.com
lswanson@mcnaul.com

*Attorneys for Plaintiffs*

LAW OFFICES OF
McNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

# EXHIBIT B

1

2

3

4

5

6

7 IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING
8

9

10 TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET HEALTHCARE
LLC, and BRIDGEPORT WAY W
11 HEALTHCARE LLC,

12             Plaintiffs,

13      v.

14 SAMUEL GOLDNER, WA3 PROPERTIES
TALBOT LLC, WA3 PROPERTIES
15 RENTON LLC, WA3 PROPERTIES UNIV
LLC, WA3 OP RENTON LLC, WA3 OP
16 TALBOT LLC, WA3 UNIV LLC, WA3 OP
UNIV LLC AND GOLDNER CAPITAL
17 MANAGEMENT, LLC,

18             Defendants.

19 WA3 PROPERTIES TALBOT LLC, WA3
PROPERTIES RENTON LLC, WA3
20 PROPERTIES UNIV LLC,

21             Counter-Claim Plaintiffs,

22      v.

23 TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET HEALTHCARE
24 LLC, and BRIDGEPORT WAY W
HEALTHCARE LLC,

25             Counter-Claim Defendants.

26

Case No. 24-2-03923-6 KNT

DEFENDANTS' ANSWER TO
COMPLAINT, COUNTERCLAIMS
AND THIRD-PARTY COMPLAINT

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

| | |
|---|---|
| 1 | WA3 PROPERTIES TALBOT LLC, WA3 PROPERTIES RENTON LLC, WA3 PROPERTIES UNIV LLC, |
| 2 | |
| 3 | Third-Party Plaintiffs, |
| 4 | v. |
| 5 | WILLIAM MILLER, an individual, |
| 6 | Third-Party Defendant. |

7

8      Samuel Goldner, WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3

9  Properties Univ LLC, WA3 Op Renton LLC, WA3 Op Talbot LLC, WA3 Univ LLC, WA3 Op Univ

10  LLC and Goldner Capital Management, LLC (together, "**Defendants**" or "**Facility Owners**"), each

11  a defendant, hereby admit, deny, allege, and claim as set forth below in response to the complaint of

12  Talbot Rd. S I Healthcare LLC, Southwest 2nd Street Healthcare LLC, and Bridgeport Way W

13  Healthcare LLC (together, "**Plaintiffs**" or "**Operator-Tenants**"), each a plaintiff:

14                                    **I.   GENERAL STATEMENT**

15      For the sake of consistency only, and not as an admission of any allegation of fact or liability

16  on any cause of action asserted by Plaintiffs, capitalized terms in this pleading will carry the meaning

17  ascribed to them in Plaintiff's complaint except as modified herein.

18                                        **II.   PARTIES**

19      1.      Defendants deny the allegation in this paragraph for lack of sufficient knowledge.

20      2.      Defendants deny the allegation in this paragraph.

21      3.      Defendants admit Samuel Goldner has authority to sign contracts on behalf of WA3

22  Properties Talbot LLC and deny all other factual allegations in this paragraph. This paragraph also

23  alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions

24  to the extent an answer is required. By way of further answer, Defendants state that WA3 Properties

25  Talbot LLC is recognized by the Washington Secretary of State as an "active" foreign limited

26  liability company.

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 2

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1    4.    Defendants admit the allegation in this paragraph.

2    5.    Defendants deny the allegation in this paragraph for lack of sufficient knowledge.

3    6.    Defendants admit Samuel Goldner has authority to sign contracts on behalf of WA3

4  Properties Renton LLC and deny all other factual allegations in this paragraph. This paragraph also

5  alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions

6  to the extent an answer is required. By way of further answer, Defendants state that WA3 Properties

7  Renton LLC is recognized by the Washington Secretary of State as an "active" foreign limited

8  liability company.

9    7.    Defendants admit the allegation in this paragraph.

10    8.    Defendants deny the allegation in this paragraph for lack of sufficient knowledge.

11    9.    Defendants admit Samuel Goldner has authority to sign contracts on behalf of WA3

12  Properties Univ LLC and deny all other factual allegations in this paragraph. This paragraph also

13  alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions

14  to the extent an answer is required. By way of further answer, Defendants state that WA3 Properties

15  Univ LLC is recognized by the Washington Secretary of State as an "active" foreign limited liability

16  company.

17    10.    Defendants admit the allegation in this paragraph.

18    11.    This paragraph defines a term used in the complaint and does not allege an operative

19  fact to which an answer is required.

20    12.    This paragraph defines a term used in the complaint and does not allege an operative

21  fact to which an answer is required.

22    13.    This paragraph defines a term used in the complaint and does not allege an operative

23  fact to which an answer is required.

24    14.    Defendants admit WA3 Op Talbot LLC previously operated the Talbot Facility.

25  Defendants deny all other allegations in this paragraph. This paragraph also alleges legal conclusions

26  to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 3

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

required.

15.     Defendants admit the Talbot Plaintiff and Former Talbot Operator executed the Talbot OTA on or about September 1, 2023. The terms and conditions in the Talbot OTA speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize the Talbot OTA in a manner that is inconsistent with the terms and conditions therein.

16.     Defendants admit WA3 Op Renton LLC previously operated the Renton Facility. Defendants deny all other allegations in this paragraph. This paragraph also alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

17.     Defendants admit the Renton Plaintiff and Former Renton Operator executed the Renton OTA on or about September 1, 2023. The terms and conditions in the Renton OTA speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize the Renton OTA in a manner that is inconsistent with the terms and conditions therein.

18.     Defendants admit that Samuel Goldner executed the University Place OTA on behalf of WA3 Op Univ LLC. Defendants deny all other allegations in this paragraph. By way of further answer, Defendants state that references in the University Place OTA to "WA3 Univ LLC" appear to be a scrivener's error.

19.     Defendants admit the former operator of the University Place Facility was WA3 Op Univ LLC.  Defendants deny all other allegations in this paragraph. This paragraph also alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

20.     The terms and conditions in the University Place OTA speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize the University Place OTA in a manner that is inconsistent with the terms and conditions therein.

21.     This paragraph defines a term used in the complaint and does not allege an operative fact to which an answer is required.

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 4

22.     This paragraph defines a term used in the complaint and does not allege an operative fact to which an answer is required.

23.     Defendants admit Goldner Capital Management LLC is a Delaware limited liability company. Defendants deny all other allegations in this paragraph.

### III.  JURISDICTION AND VENUE

24.     Defendants admit this Court has subject matter jurisdiction. Defendants admit venue is proper with respect to Plaintiff's causes of action arising from or relating to the Talbot OTA and Renton OTA. Defendants deny venue is proper with respect to Plaintiff's causes of action arising from or relating to the University Place OTA.

25.     Defendants admit that the Talbot OTA and Renton OTA provide for jurisdiction and venue in this Court. Defendants deny that the University Place OTA provides for jurisdiction and venue in this Court.

### IV.  FACTS

26.     Defendants admit the allegation in this paragraph.

27.     Defendants admit Plaintiff and Landlords executed Lease Payment Agreements. The terms and conditions in each Lease Payment Agreement speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize any Lease Payment Agreement in a manner that is inconsistent with the terms and conditions therein.

28.     Defendants deny the allegations in this paragraph.

29.     Defendants deny the allegation in this paragraph for lack of sufficient knowledge. By way of further answer, Defendants state that they do not have an objection to Plaintiffs remitting payment of Rent to Merchants Bank of Indiana ("**Secured Lender**") pursuant to the Lease Payment Agreements. Unfortunately, Plaintiffs have not paid Rent to anyone—not Secured Lender and not Defendants.

30.     Defendants deny the allegation in this paragraph for lack of sufficient knowledge.

31.     Defendants admit the allegation in this paragraph. By way of further answer,

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 5

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

Defendants did not object to Plaintiff paying Merchants Bank of Indiana as may be contemplated by the Lease Payment Agreements.

32.    Defendants admit serving Plaintiffs, on or about February 4, 2024, with notices of default arising from Plaintiffs' failure to pay rent and other amounts due and owing under their respective leases. The statements in each notice of default speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize any notice in a manner that is inconsistent with the statements therein. Defendants generally deny all other allegations in this paragraph.

33.    This paragraph alleges legal conclusions to which no answer is required; Defendants generally deny the alleged conclusions to the extent an answer is required and specifically deny the contention that Landlord "had no right under the Leases to make these demands or to seek enforcement of remedies under the Leases."

34.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

35.    The terms and conditions in the OTAs speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize any OTA in a manner that is inconsistent with the terms and conditions therein. Defendants deny the allegation that Plaintiffs have incurred "indemnifiable expenses" for lack of sufficient knowledge.

36.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

37.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

38.    Defendants deny the allegation in this paragraph.

39.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required.

40.    Defendants admit that Mr. Goldner and Goldner Capital have been parties to lawsuits

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 6

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

by third parties. The nature of those lawsuits, and the pleadings, papers, and orders filed therein, speak for themselves. Defendants deny the allegations in this paragraph to the to the extent Plaintiffs intend to characterize those lawsuits in a manner that is inconsistent with the pleadings, papers, and orders filed therein. By way of further response, Defendants specifically deny that any court has found that Mr. Goldner or Goldner Capital have engaged in misappropriation of funds. Defendants further deny all other allegations in this paragraph.

41.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required. Defendants deny the factual allegations in this paragraph.

42.    Defendants deny the allegations in this paragraph.

43.    This paragraph alleges legal conclusions to which no answer is required; Defendants deny the alleged conclusions to the extent an answer is required

### V.  FIRST CAUSE OF ACTION:
### DECLARATORY JUDGMENT

44.    Defendants incorporate the foregoing admissions, denials, and answers as if fully set forth herein.

45.    Defendants admit the Leases and Lease Payment Agreements are binding and enforceable contracts between Merchants Bank of Indiana, the respective Plaintiff, and respective Landlord. Defendants deny that Mr. Goldner is a party to any Lease or Lease Payment Agreement. The terms and conditions of the Leases and Lease Payment Agreements speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize any Lease or Lease Payment Agreement in a manner that is inconsistent with the terms and conditions therein.

46.    The terms and conditions of the Leases and Lease Payment Agreements speak for themselves. Defendants deny the allegations in this paragraph to the extent Plaintiffs intend to characterize any Lease or Lease Payment Agreement in a manner that is inconsistent with the terms

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

and conditions therein. Defendants specifically deny Plaintiffs are entitled to a declaration that "Landlords have no rights or remedies under the Leases related to the payment of rent."

47.     Defendants admit there is a justiciable controversy regarding the interpretation of the Lease and Lease Payment Agreements. Defendants deny all other allegations in this paragraph.

## VI.  SECOND CAUSE OF ACTION:
### BREACH OF CONTRACT

48.     Defendants incorporate the foregoing admissions, denials, and answers as if fully set forth herein.

49.     Defendants admit the Former Operators, Landlords, and Plaintiffs are parties to certain binding and enforceable contracts. Defendants deny that Mr. Goldner is a party to any binding and enforceable contract with Plaintiffs.

50.     Defendants deny the allegation in this paragraph.

51.     Defendants deny the allegation in this paragraph.

52.     Defendants deny the allegation in this paragraph.

## VII.  THIRD CAUSE OF ACTION:
### BREACH OF THE CONSUMER PROTECTION ACT
### RCW 19.86, ET. SEQ.

53.     Defendants incorporate the foregoing admissions, denials, and answers as if fully set forth herein.

54.     Defendants deny the allegation in this paragraph.

55.     Defendants deny the allegation in this paragraph.

## VIII.  FOURTH CAUSE OF ACTION:
### PIERCING THE CORPORATE VEIL (IN THE ALTERNATIVE)

56.     Defendants incorporate the foregoing admissions, denials, and answers as if fully set forth herein.

57.     Defendants deny the allegation in this paragraph.

58.     Defendants deny the allegation in this paragraph.

59.     Defendants deny the allegation in this paragraph.

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 8

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

60.     Defendants deny the allegation in this paragraph.

## IX.  AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER, Defendants allege the following affirmative defenses:

1.     Plaintiffs have failed to state a claim upon which relief can be granted.

2.     Plaintiffs have breached the contracts referenced in their complaint.

3.     Plaintiffs have unclean hands.

4.     Defendants are entitled to setoffs against Plaintiffs' damages, if any.

Defendants reserve the right to amend or supplement these affirmative defenses at a later date.

## X.  COUNTERCLAIMS

BY WAY OF FURTHER RESPONSE, Facility Owners allege and counterclaim as follows:

**A.**     **Parties**

1.     WA3 Properties Talbot LLC, counterclaim plaintiff, ("**Talbot Owner**") is a Delaware limited liability company. Talbot Owner owns the Talbot Facility.

2.     WA3 Properties Renton LLC, counterclaim plaintiff, ("**Renton Owner**") is a Delaware limited liability company. Renton Owner owns the Renton Facility.

3.     WA3 Properties Univ LLC, counterclaim plaintiff, ("**University Place Owner**") is a Delaware limited liability company. University Place Owner owns the University Place Facility.

4.     Talbot Rd. S I Healthcare LLC, counterclaim defendant, ("**Talbot Operator-Tenant**") is a Delaware limited liability company.

5.     Southwest 2nd Street Healthcare LLC, counterclaim defendant, ("**Renton Operator-Tenant**") is a Delaware limited liability company.

6.     Bridgeport Way W Healthcare LLC, counterclaim defendant, ("**University Place Operator-Tenant**") is a Delaware limited liability company.

7.     William Miller is a Washington resident. Mr. Miller is the Manager of Vertical Health Services, LLC ("**Guarantor**"). Guarantor is under contract with each Operator-Tenant to manage

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 9

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1  their respective facilities.

2  **B.** **Jurisdiction and Venue**

3      8.    This Court has personal jurisdiction over the parties to these counterclaims.

4      9.    This Court has subject matter jurisdiction over these counterclaims.

5      10.    King County is a proper venue for these counterclaims.

6  **C.** **Facts**

7      1.    **Talbot Facility – Failure to Pay Rent to Anyone**

8      11.    The Talbot Facility is a 136-bed skilled nursing facility that is licensed to operate and

9  regulated by the Washington Department of Social & Health Services ("**Department**").

10      12.    On or about September 1, 2023, Talbot Operator-Tenant and Talbot Owner executed

11  that certain Operating Lease for the Talbot Facility ("**Talbot Lease**").

12      13.    The Talbot Lease explicitly requires Talbot Operator-Tenant to pay to Talbot Owner,

13  no later than the fifth day of each month, monthly "**Base Rent**" and "**Additional Rent**," as both

14  terms are defined in the Talbot Lease, (together, "**Rent**"). The term "Additional Rent" includes,

15  without limitation: (i) expenses to obtain and maintain certain policies of insurance as set out in

16  article VI of the Lease. and (ii) expenses defined in section 4.2 of the Lease as "Impositions,"

17  including real estate and other taxes, assessments, utility charges, licensing and permitting fees, and

18  other expenses.

19      14.    Section 3.3 of the Talbot Lease also contains the following statement:

20  
21          Tenant's obligation to pay Rent is independent of all, and is in no manner conditioned upon any, other covenants, conditions and obligations of Landlord or Tenant under this Lease. There shall be no abatement of Rent payments for any reason nor shall Tenant be entitled
22          to any offsets or deductions from Rent payments due hereunder.

23      15.    Section 7.4 of the Talbot Lease requires Talbot Operator-Tenant to provide operating

24  budgets, financial statements, certifications, and other material documentation on regular bases as

25  set forth in the section.

26      16.    On or about September 7, 2023, Secured Lender, Talbot Operator-Tenant, and Talbot

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 10

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

Owner executed a Lease Payment Agreement under which the parties thereto agreed that Talbot Operator-Tenant will remit Rent (from its own funds or by draw on a revolving line of credit) directly to Secured Lender. In turn, Secured Lender agreed it would promptly remit to Talbot Owner the difference between the remitted Rent and the amount due from Talbot Owner to Secured Lender under a loan agreement between them.

17.     Section 17.1(a) of the Talbot Lease defines an "Event of Default" to include, without limitation, a failure to: (i) pay Rent within three days of when due; and (ii) perform any other covenant, obligation, or agreement required of Talbot Operator-Tenant.

18.     In an "Event of Default," as defined in the Talbot Lease, Section 17.2(b) of the Talbot Lease authorizes Talbot Owner by written notice install "a receiver of its choice, … by summary proceedings or otherwise."

19.     Talbot Operator-Tenant has not paid to Talbot Owner or to Secured Lender the Rent due for the months of January 2024, February 2024, or March 2024.

20.     Talbot Operator-Tenant has failed to provide financial statements and documents required by Section 7.4 of the Talbot Lease.

**2.     Renton Facility – Failure to Pay Rent to Anyone**

21.     The Renton Facility is a 99-bed skilled nursing facility that is licensed to operate and regulated by the Department.

22.     On or about September 1, 2023, Renton Operator-Tenant and Renton Owner executed that certain Operating Lease for the Renton Facility ("**Renton Lease**").

23.     The substantive terms and conditions in the Renton Lease are identical to the substantive terms and conditions in the Talbot Lease.

24.     On or about September 7, 2023, Secured Lender, Renton Operator-Tenant, and Renton Owner executed a Lease Payment Agreement under which the parties thereto agreed that Renton Operator-Tenant will remit Rent (from its own funds or by draw on a revolving line of credit) directly to Secured Lender. In turn, Secured Lender agreed it would promptly remit to Renton Owner

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 11

the difference between the remitted Rent and the amount due from Renton Owner to Secured Lender under a loan agreement between them.

25.     Renton Operator-Tenant has not paid to Renton Owner or to Secured Lender the Rent due for the months of January 2024, February 2024, or March 2024. The non-payment of Rent includes failure to pay bed taxes, which puts the Renton Operator-Tenant's license and thus its ability to operate the Renton Facility at serious risk.

26.     Renton Operator-Tenant has failed to provide financial statements and documents required by Section 7.4 of the Renton Lease.

**3.     University Place Facility – Failure to Pay Rent to Anyone**

27.     The University Place Facility is a 120-bed skilled nursing facility that is licensed to operate and regulated by the Department.

28.     On or about September 1, 2023, University Place Operator-Tenant and University Place Owner executed that certain Operating Lease for the University Place Facility ("**University Place Lease**").

29.     The substantive terms and conditions in the University Place Lease are identical to the substantive terms and conditions in the Talbot Lease.

30.     On or about September 7, 2023, Secured Lender, University Place Operator-Tenant, and University Place Owner executed a Lease Payment Agreement under which the parties thereto agreed that University Place Operator-Tenant will remit Rent (from its own funds or by draw on a revolving line of credit) directly to Secured Lender. In turn, Secured Lender agreed it would promptly remit to University Place Owner the difference between the remitted Rent and the amount due from University Place Owner to Secured Lender under a loan agreement between them.

31.     University Place Operator-Tenant has not paid to University Place Owner or to Secured Lender the Rent due for the months of January 2024, February 2024, or March 2024. The non-payment of Rent includes failure to pay bed taxes, which puts the University Place Operator-Tenant's license and thus its ability to operate the University Place Facility at serious risk.

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 12

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

32.     University Place Operator-Tenant has failed to provide financial statements and documents required by Section 7.4 of the University Place Lease.

**4.      Insolvency and Abuse of Corporate Forms**

33.     Operator-Tenants do not generate revenue sufficient to pay their operating expenses. On the last set of financial statements provided to Facility Owners, each Operator-Tenant reported net operating losses, unpaid taxes, significant past-due payables, and negative net equity.

34.     On at least one occasion, Operator-Tenants requested accommodation from Facility Owners and Secured Lender simply to make payroll. Without waiving their rights, Facility Owners and Secured Lender provided the accommodate because the consequences of failing to make payroll would have been catastrophic.

35.     Even while failing to pay taxes, regular operating expenses, and Rent, Operator-Tenants prioritized payment of Guarantor's management fees, which Mr. Miller then uses to pay himself a salary.

36.     In the past, when Operator-Tenants were late in the payment of Rent, Secured Lender threatened to declare a default and enforce its rights, including possible foreclosures of its deeds of trust on the facilities. The failure to pay bed taxes further jeopardizes operations by putting at risk the licenses and permits under which Operator-Tenants operate the Facilities.

37.     Mr. Miller treats Operator-Tenants and Guarantor as a single enterprise and maintains balance sheets and other financial records consistent with this treatment. These records show that the liabilities of the enterprise are materially greater than its assets. They also show that Operator-Tenants are not paying Rent and meeting other operating expenses while favoring payments to Guarantor and Mr. Miller.

38.     Mr. Miller, through Guarantor or other similar entities, has on other occasions at other facilities similarly prioritized payments to himself and Guarantor over the payment of rents, which caused mortgage lenders to foreclose their security interests. Owners of those lost their properties and the value inherent in an operating skilled nursing facility under circumstances similar to the

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1  circumstances presented here.

2      39.    In light of the foregoing, Facility Owners are reasonably concerned that Mr. Miller

3  is again putting his personal interest ahead of Tenant-Operators' obligation to pay Rent, including

4  Base Rent and taxes, and thereby putting Facility Owners' properties at risk of loss. Facility Owners

5  are also reasonably concerned that the Operator-Tenants' insolvency puts the health and safety of

6  each Facility's residents at risk.

7  **D.    First Counterclaim Cause of Action: Breach of Leases (Operator-Tenants)**

8      40.    The Talbot Lease, Renton Lease, and University Place Lease (together, "**Leases**") are

9  binding and enforceable contracts.

10     41.    The Talbot Operator-Tenant has breached the Talbot Lease by failing to pay Rent

11 when due.

12     42.    The Renton Operator-Tenant has breached the Renton Lease by failing to pay Rent

13 when due.

14     43.    The University Place Operator-Tenant has breached the University Place Lease by

15 failing to pay Rent when due.

16     44.    The foregoing breaches of the Leases have harmed Facility Owners.

17     45.    Accordingly, Facility Owners are entitled to the following relief:

18         a)    Talbot Owner is entitled to a judgment against Talbot Operator-Tenant for

19 breach of contract in an amount to be proven at trial, including reasonable attorney fees and costs as

20 authorized by the Talbot Lease.

21         b)    Talbot Owner is also entitled to a Writ of Restitution directing the Sheriff of

22 King County to remove Talbot Operator-Tenant from the Talbot Facility.

23         c)    Renton Owner is entitled to a judgment against Renton Operator-Tenant for

24 breach of contract in an amount to be proven at trial, including reasonable attorney fees and costs as

25 authorized by the Renton Lease.

26         d)    Renton Owner is also entitled to a Writ of Restitution directing the Sheriff of

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1   King County to remove Renton Operator-Tenant from the Renton Facility.

2         e)    University Place Owner is entitled to a judgment against University Place

3   Operator-Tenant for breach of contract in an amount to be proven at trial, including reasonable

4   attorney fees and costs as authorized by the University Place Lease.

5       46.    Facility Owners reserve the right to seek, if necessary and circumstances warrant, a

6   judicial order declaring each of the Leases terminated.

7   **E.**    **Second Counterclaim Cause of Action: Appointment of Receiver (Operator-Tenants)**

8       47.    Facility Owners have a probable right or interest in their respective Facilities.

9       48.    Each Facility is in the hands of its respective Operator-Tenant, who are all adverse

10   parties.

11       49.    The Facilities' revenue-producing potential is in danger of being lost or materially

12   injured or impaired.

13       50.    The health, safety, and welfare of each Facility's residents is immediately

14   jeopardized.

15       51.    In an "Event of Default," as defined in each Lease, each Facility Owner is authorized

16   to have appointed "by summary proceeding or otherwise" a receiver of Facility Owner's choice.

17       52.    The appointment of a qualified receiver is reasonably necessary and other remedies

18   are inadequate because the Facilities are skilled nursing facilities that are licensed and regulated by

19   the Department.

20       53.    Facility Owners anticipate seeking the appointment of a receiver who has been pre-

21   approved by the Department to serve as receiver for licensed skilled nursing facilities. Facility

22   Owners also anticipate seeking the Court's instruction to the receiver to engage an experienced and

23   qualified management company to assist the receiver with daily operations during the receivership.

24       54.    Accordingly, pursuant to Lease and RCW 7.60.025, Talbot Owner is entitled to the

25   appointment of a receiver to take possession and control of the Talbot Facility, manage operations

26   of the Talbot Facility on a temporary basis, and transfer said operations to a new qualified and

Snell &amp; Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1   properly licensed operator.

2       55.    Accordingly, pursuant to the Renton Lease and RCW 7.60.025, Renton Owner is

3   entitled to the appointment of a receiver to take possession and control of the Renton Facility,

4   manage operations of the Renton Facility on a temporary basis, and transfer said operations to a new

5   qualified and properly licensed operator.

6       56.    Accordingly, pursuant to the University Place Lease and RCW 7.60.025, University

7   Place Owner is entitled to the appointment of a receiver to take possession and control of the

8   University Place Facility, manage operations of the University Place Facility on a temporary basis,

9   and transfer said operations to a new qualified and properly licensed operator.

10  **F.    Third Counterclaim Cause of Action: Piercing Corporate Veil (William Miller)**

11      57.    Mr. Miller is the owner and Manager of each Operator-Tenant and Guarantor. He

12  treats Operator-Tenants and Guarantor as a single enterprise. Mr. Miller, Operator-Tenants, and

13  Guarantor are alter egos of one another.

14      58.    Mr. Miller has abused the corporate form by prioritizing payments to Guarantor and

15  his own personal compensation ahead of the payment of Rent and other expenses.

16      59.    Accordingly, Facility Owners are entitled to an order to pierce the corporate veil and

17  hold Mr. Miller personally liable for Operator-Tenants' breaches of their respective Leases.

18               **XI.  THIRD PARTY CLAIM**

19      BY WAY OF FURTHER RESPONSE, Facility Owners allege and claim as follows as their

20  third-party claim against Guarantor:

21  **A.    Parties**

22      60.    Talbot Owner, third-party plaintiff, is a Delaware limited liability company. Talbot

23  Owner owns the Talbot Facility.

24      61.    Renton Owner, third-party plaintiff, is a Delaware limited liability company. Renton

25  Owner owns the Renton Facility.

26      62.    University Place Owner, third-party plaintiff, is a Delaware limited liability

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 16

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

company. University Place Owner owns the University Place Facility.

63.    Guarantor, third-party defendant, is a Delaware limited liability company. On information and belief, Guarantor's principal place of business is in Puyallup, Washington.

**B.**    **Jurisdiction and Venue**

64.    This Court has personal jurisdiction over the parties to this third-party claim.

65.    This Court has subject matter jurisdiction over this third-party claim.

66.    King County is a proper venue for this third-party claim.

**C.**    **Facts**

67.    As assurance and material inducement to Talbot Owner to lease the Talbot Facility to Talbot Operator-Tenant, Guarantor executed an unconditional and irrevocable guaranty of Talbot Operator-Tenant's payment and performance under the Talbot Lease ("**Talbot Guaranty**").

68.    Talbot Operator-Tenant has breached the Talbot Lease as set forth above.

69.    As assurance and material inducement to Renton Owner to lease the Renton Facility to Renton Operator-Tenant, Guarantor executed an unconditional and irrevocable guaranty of Renton Operator-Tenant's payment and performance under the Renton Lease ("**Renton Guaranty**").

70.    Renton Operator-Tenant has breached the Renton Lease as set forth above.

71.    As assurance and material inducement to University Place Owner to lease the University Place Facility to University Place Operator-Tenant, Guarantor executed an unconditional and irrevocable guaranty of University Place Operator-Tenant's payment and performance under the University Place Lease ("**University Place Guaranty**").

72.    University Place Operator-Tenant has breached the University Place Lease as set forth above.

**D.**    **Third-Party Cause of Action: Enforcement of Guaranty**

73.    The Talbot Guaranty, Renton Guaranty, and University Place Guaranty (together, "**Guaranties**") are binding and enforceable contracts.

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

74.     In each of the Guaranties, Guarantor unconditionally and irrevocably guaranteed and assured the Operator-Tenants' payment and performance of their respective Leases.

75.     None of the Guaranties require notice, presentment, or demand before Facility Owners may commence an action to enforce the Guaranties.

76.     Guarantor has neither made nor tendered payment of the past due Rent that Operator-Tenants have failed to pay pursuant to their respective Leases.

77.     Facility Owners have been harmed by Guarantors' failure to honor the Guaranties by making or at least tendering payment of the past due Rent described above.

78.     Accordingly, each Facility Owner is entitled to a judgment against Guarantor for breach of their respective Guaranties in amounts to be proven at trial, including reasonable attorney fees and costs as allowed by the Leases and Guaranties.

## XII.  PRAYER FOR RELIEF

WHEREFORE, having admitted, denied, alleged, and claimed as set forth above, Defendants/Counterclaimants/Third-Party Plaintiffs respectfully request the following relief:

1.     Dismissal of Plaintiffs' claims with prejudice;

2.     Judgment on the counterclaims in favor of each Facility Owners against their respective Facility Operator-Tenant in an amount to be proven at trial;

3.     Judgment on the third-party claim in favor of each Facility Owner and against Guarantor in amounts to be proven at trial;

4.     An order appointing a receiver over the Facilities to take possession and control the Facilities, manage the Facilities on a temporary basis, and transfer the Facilities to a new qualified and licensed operator subject to this Court's approval;

5.     An order for issuance of a Writ of Restitution directing the Sheriff of King County to remove the Talbot Operator-Tenant from the Talbot Facility and the Renton Operator-Tenant from the Renton Facility;

6.     An award of reasonable attorney fees and costs as may be allowed by contract, law,

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 18

Snell & Wilmer
One Union Square
600 University Street, Suite 310
Seattle, Washington 98101

1    or equity; and

2        7.    Such other relief as the Court deems just and proper.

3    Dated: March 7, 2024                    SNELL & WILMER L.L.P.

4

5                                    By: s/Amit D. Ranade
                                         Bradley R. Duncan, WSBA #36436
6                                        Amit D. Ranade, WSBA #34878
                                         Rachael E. Clark, WSBA #57277
7                                        600 University Street, Suite 310
                                         Seattle, WA  98101
8                                        Tel:  206.741.1420
                                         Email: aranade@swlaw.com;
9                                        bduncan@swlaw.com;
                                         reclark@swlaw.com

10                                   Attorneys for Defendants

11

12   4872-9892-4970.3

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' ANSWER TO COMPLAINT,
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT - 19

**EXHIBIT C**

Hon. Nicholas B. Straley

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

TALBOT RD. S I HEALTHCARE LLC, SOUTHWEST 2ND STREET HEALTHCARE LLC, and BRIDGEPORT WAY W HEALTHCARE LLC,

Plaintiffs,

v.

SAMUEL GOLDNER, WA3 PROPERTIES TALBOT LLC, WA3 PROPERTIES RENTON LLC, WA3 PROPERTIES UNIV LLC, WA3 OP RENTON LLC, WA3 OP TALBOT LLC, WA3 UNIV LLC, WA3 OP UNIV LLC, and GOLDNER CAPITAL MANAGEMENT, LLC,

Defendants.

WA3 PROPERTIES TALBOT LLC, WA3 PROPERTIES RENTON LLC, WA3 PROPERTIES UNIV LLC,

Counter-Claim Plaintiffs,

v.

TALBOT RD. S I HEALTHCARE LLC, SOUTHWEST 2ND STREET HEALTHCARE LLC, AND BRIDGEPORT WAY W HEALTHCARE LLC,

Counter-Claim Defendants.

No. 24-2-03923-6 KNT

PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

PLS.' ANSWER & AFFIRMATIVE DEFENSES TO DEFS.' COUNTERCLAIMS AND THIRD-PARTY COMPLAINT – Page 1

WA3 PROPERTIES TALBOT LLC, WA3
PROPERTIES RENTON LLC, WA3
PROPERTIES UNIV LLC,

               Third-Party Plaintiffs,

v.

WILLIAM MILLER, an individual,

               Third-Party Defendant.

      Counterclaim Defendants/Plaintiffs ("Plaintiffs") and Third-Party Defendant

answer Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs' Counterclaims

and Third-Party Complaint as follows:

## I.  COUNTERCLAIMS

**A.**   <u>**Parties**</u>

      1.     In response to paragraph 1, Plaintiffs admit that Talbot Owner owns the

Talbot Facility.  Plaintiffs admit that Talbot Owner was a Delaware Limited Liability

Company but deny that the entity still exists because according to the Delaware Secretary

of State, it has been cancelled since July 2023 for failure to appoint a registered agent.

      2.     In response to paragraph 2, Plaintiffs admit that Renton Owner owns the

Renton Facility.  Plaintiffs admit that the Renton Owner was a Delaware Limited Liability

Company but deny that the entity still exists because according to the Delaware Secretary

of State, it has been cancelled since July 2023 for failure to appoint a registered agent.

      3.     In response to paragraph 3, Plaintiffs admit that University Place Owner

owns the University Place Facility.  Plaintiffs admit that the University Place Owner was a

Delaware Limited Liability Company but deny that the entity still exists because

according to the Delaware Secretary of State, it has been cancelled since July 2023 for

failure to appoint a registered agent.

      4.     In response to paragraph 4, Plaintiffs admit the allegations.

PLS.' ANSWER & AFFIRMATIVE DEFENSES TO DEFS.'
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT – Page 2

5.    In response to paragraph 5, Plaintiffs admit the allegations.

6.    In response to paragraph 6, Plaintiffs admit the allegations.

7.    In response to paragraph 7, Plaintiffs admit the allegations.

**B.    Jurisdiction and Venue**

8.    In response to paragraph 8, this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations.

9.    In response to paragraph 9, this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations.

10.    In response to paragraph 10, this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs deny the allegations.

**C.    Facts**

**1.    Talbot Facility – Failure to Pay Rent to Anyone**

11.    In response to paragraph 11, Plaintiffs admit the allegations.

12.    In response to paragraph 12, Plaintiffs admit the allegations.

13.    In response to paragraph 13, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.

14.    In response to paragraph 14, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.

15.    In response to paragraph 15, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

16. In response to paragraph 16, Plaintiffs admit that a Lease Payment Agreement dated September 7, 2023 was entered into between Merchants Bank of Indiana, Talbot Owner, Plaintiff Talbot Rd S I Healthcare LLC and eCapital Healthcare Corp. The Lease Payment Agreement described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms. Plaintiffs deny all remaining allegations.

17. In response to paragraph 17, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.

18. In response to paragraph 18, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.

19. In response to paragraph 19, Plaintiffs deny the allegations.

20. In response to paragraph 20, the Talbot Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms. Plaintiffs deny the remaining allegations.

**2.      Renton Facility – Failure to Pay Rent to Anyone**

21. In response to paragraph 21, Plaintiffs admit the allegations.

22. In response to paragraph 22, Plaintiffs admit the allegations.

23. In response to paragraph 23, the Talbot and Renton Leases described in this paragraph speaks for themselves in their entirety, and Plaintiffs deny any allegations inconsistent with their terms.

24. In response to paragraph 24, Plaintiffs admit that a Lease Payment Agreement dated September 7, 2023 was entered into between Merchants Bank of Indiana, Renton Owner, Plaintiff Southwest 2nd Street Healthcare LLC, and eCapital Healthcare Corp. The Lease Payment Agreement described in this paragraph speaks for

Law Offices of
McNaul Ebel Nawrot & Helgren pllc
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms. Plaintiffs deny all remaining allegations.

25.     In response to paragraph 25, Plaintiffs deny the allegations.

26.     In response to paragraph 26, the Renton Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.  Plaintiffs deny the remaining allegations.

**3.    University Place Facility – Failure to Pay Rent to Anyone**

27.     In response to paragraph 27, Plaintiffs admit the allegations.

28.     In response to paragraph 28, Plaintiffs admit the allegations.

29.     In response to paragraph 29, the Talbot and University Place Leases described in this paragraph speaks for themselves in their entirety, and Plaintiffs deny any allegations inconsistent with their terms.

30.     In response to paragraph 30, Plaintiffs admit that a Lease Payment Agreement dated September 7, 2023 was entered into between Merchants Bank of Indiana, University Place Owner, Plaintiff Bridgeport Way W Healthcare LLC, and eCapital Healthcare Corp.  The Lease Payment Agreement described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.  Plaintiffs deny all remaining allegations.

31.     In response to paragraph 31, Plaintiffs deny the allegations.

32.     In response to paragraph 32, the University Place Lease described in this paragraph speaks for itself in its entirety, and Plaintiffs deny any allegations inconsistent with its terms.  Plaintiffs deny the remaining allegations.

**4.    Insolvency and Abuse of Corporate Forms**

33.     In response to paragraph 33, Plaintiffs deny the allegations.

34.     In response to paragraph 34, Plaintiffs deny the allegations.

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

35.     In response to paragraph 35, Plaintiffs admit that Operator-Tenants paid Guarantor's management fees, which covered, among other things, employee salaries. Plaintiffs deny the remaining allegations in paragraph 35.

36.     In response to paragraph 36, Plaintiffs deny the allegations.

37.     In response to paragraph 37, the first sentence of this paragraph states a legal conclusion to which no response is required.  To the extent one is required, Plaintiffs deny the allegations.  Plaintiffs deny the remaining allegations.

38.     In response to the first sentence of paragraph 38, Plaintiffs lack knowledge or information regarding the "other facilities" referenced and on that basis, deny the allegation.  Plaintiffs deny that mortgage lenders foreclosed their security interests. Plaintiffs deny all remaining allegations in paragraph 38.

39.     In response to paragraph 39, Plaintiffs lack knowledge regarding Counterclaimants' purported concerns and therefore deny them.  Plaintiffs deny that Mr. Miller is putting his personal interests ahead of Tenant-Operators' obligations and deny that the Facility Owners' properties are at risk of loss.  Plaintiffs deny all remaining allegations in paragraph 39.

## D.     <u>First Counterclaim Cause of Action: Breach of Leases (Operator-Tenants)</u>

40.     In response to paragraph 40, this paragraph states a legal conclusion to which no response is required.  To the extent one is required, Plaintiffs deny the allegations.

41.     In response to paragraph 41, Plaintiffs deny the allegations.

42.     In response to paragraph 42, Plaintiffs deny the allegations.

43.     In response to paragraph 43, Plaintiffs deny the allegations.

44.     In response to paragraph 44, Plaintiffs deny the allegations.

45.     In response to paragraph 45, Plaintiffs deny that Counterclaimants are entitled to any of the relief requested in subparts a) though e).

PLS.' ANSWER & AFFIRMATIVE DEFENSES TO DEFS.'
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT – Page 6

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

46. In response to paragraph 46, Plaintiffs deny the allegations.

**E.** **Second Counterclaim Cause of Action: Appointment of Receiver (Operator-Tenants)**

47. In response to paragraph 47, this paragraph states a legal conclusion to which no response is required. To the extent one is required, Plaintiffs deny the allegations.

48. In response to paragraph 48, this paragraph states a legal conclusion to which no response is required. To the extent one is required, Plaintiffs deny the allegations.

49. In response to paragraph 49, Plaintiffs deny the allegations.

50. In response to paragraph 50, Plaintiffs deny the allegations.

51. In response to paragraph 51, the Leases speak for themselves in their entirety, and Plaintiffs deny any allegations inconsistent with their terms.

52. In response to paragraph 52, Plaintiffs admit the Facilities are skilled nursing facilities licensed and regulated by the Department. Plaintiffs deny the remaining allegations.

53. In response to paragraph 53, Plaintiffs lack knowledge regarding Counterclaimants theoretical plans and therefore deny the allegations and note that Counterclaimants' motion to appoint a receiver has been denied.

54. In response to paragraph 54, this paragraph states a legal conclusion to which no response is required, to the extent one is required, Plaintiffs deny the allegations and note that Counterclaimants' motion to appoint a receiver has been denied.

55. In response to paragraph 55, this paragraph states a legal conclusion to which no response is required, to the extent one is required, Plaintiffs deny the allegations and note that Counterclaimants' motion to appoint a receiver has been denied.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

56.     In response to paragraph 56, this paragraph states a legal conclusion to which no response is required, to the extent one is required, Plaintiffs deny the allegations and note that Counterclaimants' motion to appoint a receiver has been denied.

**F.     Third Counterclaim Cause of Action: Piercing Corporate Veil (William Miller)**

57.     In response to paragraph 57, Plaintiffs admit the first sentence of the paragraph.  Plaintiffs deny that Mr. Miller treats Operator-Tenants and Guarantor as a single enterprise.  The third sentence in paragraph 57 states a legal conclusion to which no response is required.  To the extent one is required, Plaintiffs deny the allegations.

58.     In response to paragraph 58, this paragraph states legal conclusions to which no response is required.  To the extent one is required, Plaintiffs deny the allegations.

59.     In response to paragraph 59, Plaintiffs deny the allegations.

## II. THIRD PARTY CLAIM

**A.     Parties**

60.     In response to paragraph 60, William Miller ("Miller") admits the second sentence of the paragraph.  Miller lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 60 and on that basis denies them.

61.     In response to paragraph 61, Miller admits the second sentence of the paragraph.  Miller lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 61 and on that basis denies them.

62.     In response to paragraph 62, Miller admits the second sentence of the paragraph.  Miller lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 62 and on that basis denies them.

63.     In response to paragraph 63, Miller admits the allegations.

LAW OFFICES OF
MᴄNᴀᴜʟ Eʙᴇʟ Nᴀᴡʀᴏᴛ & Hᴇʟɢʀᴇɴ ᴘʟʟᴄ
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**B.**     <u>Jurisdiction and Venue</u>

64.     In response to paragraph 64, this paragraph states legal conclusions to which no response is required. To the extent one is required, Miller denies the allegations.

65.     In response to paragraph 65, this paragraph states legal conclusions to which no response is required. To the extent one is required, Miller denies the allegations.

66.     In response to paragraph 66, this paragraph states legal conclusions to which no response is required. To the extent one is required, Miller denies the allegations.

**C.**     <u>Facts</u>

67.     In response to paragraph 67, Miller admits that Vertical Health Services ("VHS") executed a guaranty in connection with the Talbot Lease. That guaranty speaks for itself in its entirety and Miller denies any allegations inconsistent with its terms. Miller denies all remaining allegations in paragraph 67.

68.     In response to paragraph 68, Miller incorporates the above responses and denies the allegations.

69.     In response to paragraph 69, Miller admits that VHS executed a guaranty in connection with the Renton Lease. That guaranty speaks for itself in its entirety and Miller denies any allegations inconsistent with its terms. Miller denies all remaining allegations in paragraph 69.

70.     In response to paragraph 70, Miller incorporates the above responses and denies the allegations.

71.     In response to paragraph 71, Miller admits that VHS executed a guaranty in connection with the University Place Lease. That guaranty speaks for itself in its entirety and Miller denies any allegations inconsistent with its terms. Miller denies all remaining allegations in paragraph 71.

72.     In response to paragraph 72, Miller incorporates the above responses and denies the allegations.

LAW OFFICES OF
MᴄNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**D.**      **Third-Party Cause of Action: Enforcement of Guaranty**

73.      In response to paragraph 73, this paragraph states legal conclusions to which no response is required.  To the extent one is required, Miller denies the allegations.

74.      In response to paragraph 74, Miller admits that VHS executed guaranties in connection with the Leases.  Those guaranties speaks for themselves in their entirety and Miller denies any allegations inconsistent with their terms.  The remainder of the paragraph states legal conclusions to which no response is required.  To the extent one is required, Miller denies the allegations.

75.      In response to paragraph 75, Miller admits that VHS executed guaranties in connection with the Leases.  Those guaranties speaks for themselves in their entirety and Miller denies any allegations inconsistent with their terms.  The remainder of the paragraph states legal conclusions to which no response is required.  To the extent one is required, Miller denies the allegations.

76.      In response to paragraph 76, Miller admits that VHS executed guaranties in connection with the Leases.  Those guaranties speaks for themselves in their entirety and Miller denies any allegations inconsistent with their terms.  The remainder of the paragraph states legal conclusions to which no response is required.  To the extent one is required, Miller denies the allegations.

77.      In response to paragraph 77, Miller denies the allegations.

78.      In response to paragraph 78, Miller denies the allegations.

### III.  PRAYER FOR RELIEF

1.      Plaintiffs deny that Defendants/Counterclaimants/Third-Party Plaintiffs are entitled to any of their requested relief.

### IV.  PLAINTIFFS' AFFIRMATIVE DEFENSES

Plaintiffs assert the following defenses to Defendants/Counterclaimants/Third-Party Plaintiffs' Counterclaims and Third-Party Complaint.

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1.      Defendants/Counterclaimants/Third-Party Plaintiffs have failed to state a claim upon which relief can be granted.

2.      Defendants/Counterclaimants/Third-Party Plaintiffs' injuries, if any, were sustained as a direct and proximate result of Defendants/Counterclaimants/Third-Party Plaintiffs' own conduct.

3.      Defendants/Counterclaimants/Third-Party Plaintiffs have failed to mitigate their damages.

4.      Defendants/Counterclaimants/Third-Party Plaintiffs' claims and counterclaims, in whole or in part, are barred by the doctrine of estoppel.

5.      Defendants/Counterclaimants/Third-Party Plaintiffs' claims and counterclaims, in whole or in part, are barred by the doctrine of waiver.

6.      Defendants/Counterclaimants/Third-Party Plaintiffs' claims and counterclaims, in whole or in part, are barred by the doctrine of laches.

7.      Defendants/Counterclaimants/Third-Party Plaintiffs' claims and counterclaims, in whole or in part, are barred by the doctrine of unclean hands.

8.      Upon information and belief, Defendants/Counterclaimants/Third-Party Plaintiffs may be responsible for all or a portion of their damages, if any.

9.      Defendants/Counterclaimants/Third-Party Plaintiffs' damages, if any, were caused by individuals and entities over which the Plaintiffs, Counterclaim Defendants, and Third-Party Defendant had no control.

10.     Any sums allegedly due are subject to setoff.

By stating any of the defenses set forth above, Counterclaim Defendants and Third-Party Defendant reserve the right to plead additional defenses as may be warranted by ongoing discovery.

By stating any of the defenses set forth above, Counterclaim Defendants and Third-Party Defendant do not assume any burden they do not have under the law.

PLS.' ANSWER & AFFIRMATIVE DEFENSES TO DEFS.'
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT –
Page 11

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

By stating any of the defenses set forth above, Counterclaim Defendants and Third-Party Defendant reserve the right to amend their answer and to assert additional defenses made known to them through investigation and discovery. Counterclaim Defendants and Third-Party Defendant likewise reserve the right to argue legal theories in addition to or in lieu of those specifically identified here as the facts in this matter may warrant, including, without limitation, additional or further facts hereafter learned through discovery or during the course of this action.

## V.  PLAINTIFFS' PRAYER FOR RELIEF

WHEREFORE, having answered Defendants/Counterclaimants/Third-Party-Plaintiffs' Counterclaims and Third-Party Complaint, Plaintiffs, Counterclaim Defendants, and Third-Party Defendant request the following relief:

A.    For dismissal of the Counterclaims and Third-Party Complaint, with prejudice;

B.    For an award of reasonable attorneys' fees and costs; and

C.    For such other and further relief as the Court deems just and equitable.

DATED this 1st day of April, 2024.

McNAUL EBEL NAWROT & HELGREN PLLC

By:  *s/ Leslie E. Swanson*
          Daniel M. Weiskopf, WSBA No. 44941
          Leslie E. Swanson, WSBA No. 50792
          Charlies Wittmann-Todd, WSBA No. 54229

600 University Street, Suite 2700
Seattle, Washington 98101
(206) 467-1816
dweiskopf@mcnaul.com
lswanson@mcnaul.com
cwittmanntodd@mcnaul.com

*Attorneys for Plaintiffs, Counterclaim Defendants and Third-Party Defendant*

1

## DECLARATION OF SERVICE

2        On April 1, 2024, I caused to be served a true and correct copy of the foregoing

3   document upon counsel of record, at the address stated below, via King County e-Service

4   and email:

5   Bradley R. Duncan, WSBA No. 36436         Christopher T. Wion, WSBA No. 33207

6   Amit D. Ranade, WSBA No. 34878            Summit Law Group, PLLC
    Rachael E. Clark, WSBA No. 57277          315 Fifth Avenue S., Suite 1000
7   Snell & Wilmer LLP                        Seattle, WA 98104
    600 University Street, Suite 310          (206) 676-7000
8   Seattle, WA 98101                         chrisw@summitlaw.com
    (206) 741-1420                            sharonh@SummitLaw.com
9   aranade@swlaw.com                         *Attorneys for Intervenor eCapital*
    bduncan@swlaw.com                         *Healthcare Corp.*
10  reclark@swlaw.com
    bpartridge@swlaw.com (asst.)
11  *Attorneys for Defendants, Counter-Claim*
12  *Defendants and Third-Party Plaintiffs*

13  Andrew R. Escobar, WSBA No. 42793         John D. Waller, *pro hac vice*

14  Ashley J. Sherwood, WSBA No. 46885        David Patton, *pro hac vice*
    Seyfarth Shaw LLP                         Dinsmore & Shohl LLP
15  999 Third Avenue, Suite 4700              211 North Pennsylvania St., Suite 1800
    Seattle, WA 98104                         Indianapolis, IN 46204
16  (206) 946-4910                            (317) 860-5375
17  aescobar@seyfarth.com                     john.waller@dinsmore.com
    asherwood@seyfarth.com                    david.patton@dinsmore.com
18  gbarrington@seyfarth.com (asst.)          *Attorneys for Intervenor Merchants Bank*
    *Attorneys for Intervenor Merchants Bank* *of Indiana*
19  *of Indiana*

20  Natalie King, WSBA No. 43168

21  Amy Harris, WSBA No. 37988
    Attorney General of Washington
22  7141 Cleanwater Drive SW
    P.O. Box 40124
23  Olympia, WA 98504
    (360) 586-6565
24  natalie.king@atg.wa.gov
25  amy.harris@atg.wa.gov
    *Attorneys for Department of Social &*
26  *Health Services*

PLS.' ANSWER & AFFIRMATIVE DEFENSES TO DEFS.'
COUNTERCLAIMS AND THIRD-PARTY COMPLAINT –
Page 13

LAW OFFICES OF
MᶜNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

1    I declare under penalty of perjury under the laws of the State of Washington that

2  the foregoing is true and correct.

3        Dated this 1st day of April, 2024, at Seattle, Washington.

4                          By: _s/ Jennifer Hickman_____

5                              Jennifer Hickman, *Legal Assistant*
                               jhickman@mcnaul.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF
MCNAUL EBEL NAWROT & HELGREN PLLC
600 University Street, Suite 2700
Seattle, Washington 98101-3143
(206) 467-1816

**EXHIBIT D**

1

2

3

4

5

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

6

7

| | |
|---|---|
| TALBOT RD. S I HEALTHCARE LLC, SOUTHWEST 2ND STREET HEALTHCARE LLC, and BRIDGEPORT WAY W HEALTHCARE LLC, | No. 24-2-03923-6 KNT |

TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET
HEALTHCARE LLC, and BRIDGEPORT
WAY W HEALTHCARE LLC,

          Plaintiffs,

    vs.

SAMUEL GOLDNER, WA3 PROPERTIES
TALBOT LLC, WA3 PROPERTIES
RENTON LLC, WA3 PROPERTIES UNIV
LLC, WA3 OP RENTON LLC, WA3 OP
UNIV LLC AND GOLDNER CAPITAL
MANAGEMENT, LLC,

          Defendants.

No. 24-2-03923-6 KNT

**NOTICE OF BANKRUPTCY FILING AND STAY**

***Clerk's Action Required***

8

9

10

11

12

13

14

15

16

WA3 PROPERTIES TALBOT LLC, WA3
PROPERTIES RENTON LLC, WA3
PROPERTIES UNIV LLC,

          Counter-Claim Plaintiffs,

    vs.

TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET
HEALTHCARE LLC, AND BRIDGEPORT
WAY W HEALTHCARE LLC,

          Counter-Claim Defendants.

17

18

19

20

21

22

23

NOTICE OF BANKRUPTCY FILING AND STAY
Page 1 of 4

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

1

2     WA3 PROPERTIES TALBOT LLC, WA3
      PROPERTIES RENTON LLC, WA3
3     PROPERTIES UNIV LLC,

4                    Third-Party Plaintiffs,

5          vs.

      WILLIAM MILLER, an individual,
6
                   Third-Party Defendant.
7

8          TO:          CLERK OF THE COURT;

9          AND TO:      ALL PARTIES OF RECORD.

10         YOU ARE HEREBY GIVEN notice that on October 2, 2024, Defendant Goldner

11    Capital Management ("GCM"), declared bankruptcy in the United States Bankruptcy Court for

      the Eastern District of New York in Case No. 8-24-73789-ast. Accordingly, pursuant to 11
12
      U.S.C. § 362(a)(1), this proceeding, as it relates to GCM, and all claims against GCM are hereby
13
      stayed. A copy of the Notice is enclosed as **Exhibit 1**.
14
           DATED this 2nd day of October, 2024.
15

16                                     **DICKSON FROHLICH PHILLIPS BURGESS**

17                                     */s Alexander Wisbey*
                                       ROBERT P. DICKSON, WSBA No. 39770
18                                     ALEXANDER J.R. WISBEY, WSBA No. 49696
                                       BRIAN C. KELLETT, WSBA No. 52032
19
                                       *Attorneys for Defendants/Counterclaim Plaintiffs/Third-*
20                                     *Party Plaintiffs*

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

1

**<u>CERTIFICATE OF SERVICE</u>**

2

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that on the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

3

4

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Leslie Ellen Swanson<br>Daniel Mark Weiskopf<br>Charles Wittmann-Todd<br>MCNAUL EBEL NAWROT & HELGREN<br>600 University Street, Suite 2700<br>Seattle, WA 98101<br><br>*Attorneys for Plaintiffs, Counterclaim Defendants, and Third-Party Defendant William Miller* | ☐   PROCESS SERVER<br>☐   COURIER SERVICE:<br>☐   U.S. MAIL<br>☒   E-SERVICE (if available)<br>☒   EMAIL:<br>lswanson@mcnaul.com<br>dweiskopf@mcnaul.com<br>cwittmanntodd@mcnaul.com |
| Andrew Ramiro Escobar<br>Ashley J. Sherwood<br>SEYFARTH SHAW LLP<br>999 Third Avenue, Suite 4700<br>Seattle, WA 98104 | ☐   PROCESS SERVER<br>☐   COURIER SERVICE:<br>☐   U.S. MAIL<br>☒   E-SERVICE (if available)<br>☒   EMAIL:<br>aescobar@seyfarth.com<br>asherwood@seyfarth.com |
| John D. Waller<br>David Patton<br>DINSMORE & SHOHL<br>211 N. Pennsylvania Street, Suite 1800<br>Indianapolis, IN 46204<br><br>*Attorneys for Intervenor Merchants Bank of Indiana* | ☐   PROCESS SERVER<br>☐   COURIER SERVICE:<br>☐   U.S. MAIL<br>☒   E-SERVICE (if available)<br>☒   EMAIL:<br>john.waller@dinsmore.com<br>david.patton@dinsmore.com |
| Christopher T. Wion<br>SUMMIT LAW GROUP<br>315 5th Avenue, Suite 1000<br>Seattle, WA 98104<br><br>*Attorney for Intervenor eCapital Healthcare Corp.* | ☐   PROCESS SERVER<br>☐   COURIER SERVICE:<br>☐   U.S. MAIL<br>☒   E-SERVICE (if available)<br>☒   EMAIL:<br>chrisw@summitlaw.com |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

1       Dated this this 2nd day of October, 2024 at Seattle, Washington.

2

3                                       /s Louisa Florio
                                        Louisa M. Florio, Paralegal

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

# Exhibit 1

United States Bankruptcy Court
Eastern District of New York



# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 11 of the United States Bankruptcy Code,
entered on 10/02/2024 at 10:49 AM and filed on 10/02/2024.

**GOLDNER CAPITAL MANAGEMENT LLC**
20 East Sunrise Highway
Valley Stream, NY 11581
Tax ID / EIN: 82-4899106

The case was filed by the debtor's attorney:

**Gary F. Herbst**
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh
Wantagh, NY 11793
(516) 826-6500

The case was assigned case number 8-24-73789-ast to Judge Alan S. Trust.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 290 Federal Plaza, Central Islip, NY
11722.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Robert A. Gavin, Jr.**
**Clerk, U.S. Bankruptcy Court**

**Exhibit 1, pg. 1 of 2**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/02/2024 12:04:24 | | | |
| **PACER Login:** | apwofse7 | **Client Code:** | apw-goldner |
| **Description:** | Notice of Filing | **Search Criteria:** | 8-24-73789-ast |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**Exhibit 1, pg. 2 of 2**

# EXHIBIT E

1

2

3

4

5

Hon. Nicholas Straley
Friday, November 15, 2024
9:00 a.m.

6

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

7

8

9

10

TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET HEALTHCARE
LLC, and BRIDGEPORT WAY W
HEALTHCARE LLC,

                  Plaintiffs,

   vs.

NO. 24-2-03923-6 KNT

**AMENDED CR 56 PARTIAL MOTION
FOR SUMMARY JUDGMENT TO
DISMISS SAMUEL GOLDNER AND
WA3 UNIV LLC**

11

12

13

SAMUEL GOLDNER, WA3 PROPERTIES
TALBOT LLC, WA3 PROPERTIES RENTON
LLC, WA3 PROPERTIES UNIV LLC, WA3 OP
RENTON LLC, WA3 OP UNIV LLC AND
GOLDNER CAPITAL MANAGEMENT, LLC,

14

                  Defendants.

15

16

17

18

19

20

21

22

23

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4TH Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

WA3 PROPERTIES TALBOT LLC, WA3
PROPERTIES RENTON LLC, WA3
PROPERTIES UNIV LLC,

        Counter-Claim Plaintiffs,

  vs.

TALBOT RD. S I HEALTHCARE LLC,
SOUTHWEST 2ND STREET HEALTHCARE
LLC, AND BRIDGEPORT WAY W
HEALTHCARE LLC,

        Counter-Claim Defendants.

---

WA3 PROPERTIES TALBOT LLC, WA3
PROPERTIES RENTON LLC, WA3
PROPERTIES UNIV LLC,

        Third-Party Plaintiffs,

  vs.

WILLIAM MILLER, an individual,

        Third-Party Defendant.

## I.      REQUESTED RELIEF

SAMUEL GOLDNER and WA3 OP UNIV LLC, ("Defendants"), by and through their

undersigned counsel, move this Court for an Order under CR 56 dismissing Samuel Goldner

personally and WA3 Univ LLC as a Defendants in this matter. Mr. Goldner personally should be

dismissed because (1) it is undisputed that he was not in contractual privity with Plaintiffs

personally and (2) there are no allegations against Mr. Goldner that would justify piercing the

corporate veil nor has the corporate veil been pierced. WA3 Univ LLC should be dismissed

<u>AMENDED</u> CR 56 PARTIAL MOTION FOR
SUMMARY JUDGMENT TO DISMISS GOLDNER
Page 2 of 9

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

because it is a non-existent entity that was mistakenly included in a contract due to a typographical error. WA3 Op Univ LLC is the proper party named instead of WA3 Univ LLC.

## II.    STATEMENT OF FACTS

The Complaint in this matter names Samuel Goldner as a Defendant in his individual capacity on the basis that Mr. Goldner may be personally liable for contracts he signed on behalf of purportedly canceled entities: WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Op Renton LLC, WA3 Properties Univ LLC, WA3 Op Renton LLC, Defendant WA 3 Op Univ LLC. Compl. ¶¶ 3, 6, 9, 16, and 19. Plaintiff also claims Mr. Goldner is personally liable for contracts signed on behalf of WA3 Univ LLC, described as a non-existent entity. *See* Compl. ¶18. Defendant agrees that there is no entity named WA 3 Univ LLC, rather, the contract for that entity entitled "Operations Transfer Agreement" was intended to be on behalf of WA 3 Op Univ LLP, and that the omission of "Op" was a scrivener's error. *See* Goldner Decl. ¶ 2. This is consistent with Mr. Goldner's Answer, which stated: "Defendants admit that Samuel Goldner executed the University Place OTA on behalf of WA3 Op Univ LLC. Defendants deny all other allegations in this paragraph. By way of further answer, Defendants state that references in the University Place OTA to 'WA3 Univ LLC' appear to be a scrivener's error." *See* Answer at ¶ 18.

On July 25, 2024, Defense counsel sent Plaintiff's counsel a letter attaching entity details from the State of Delaware for each of the entities purportedly canceled, which showed that they were in good standing. Declaration of Alexander Wisbey ("Wisb ey Decl.") dated July 30, 2024, ¶ 29, Ex. 10. Defense counsel requested that Plaintiffs state a basis for continuing to sue Mr. Goldner, or else dismiss Mr. Goldner from the case. Plaintiffs failed to do so. *Id*. As there is no legal basis to maintain this lawsuit against Mr. Goldner, this Motion follows.

## III.    ISSUES PRESENTED

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4ᵗʰ Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ˢᵀ Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

1.    Should the Court dismiss Samuel Goldner in his individual capacity as a Defendant when he did not take any actions in his personal capacity and when Plaintiffs have not successfully pierced the corporate veil? YES.

2.    Should the Court dismiss the non-existent entity, WA3 Univ LLC, when that entity was never actually created and was merely included as a party to this lawsuit because of a scrivener's error? YES.

//

//

## IV.    EVIDENCE RELIED ON

The pleadings and records previously filed herein, and the Declaration of Alexander Wisbey, filed 7/30/2024, and the Declaration of Samuel Goldner, filed 8/30/2024.

## V.    ARGUMENT

### A.    Mr. Goldner Should Be Dismissed as a Party Without Prejudice.

Plaintiffs mistakenly believe that there is personal liability for members of LLCs, including Mr. Goldner, solely based on the fact he signed contracts for valid entities. Washington case law makes clear that the mere existence of a corporate entity, even if controlled by a single shareholder, is not sufficient to justify piercing the corporate veil by itself. The corporate entity will generally be respected unless there is clear evidence of wrongdoing, such as fraud, misrepresentation, or manipulation of the corporation to the benefit of the shareholder and to the detriment of creditors. *Truckweld Equipment Co., Inc. v. Olson*, 26 Wn. App. 638, 618 P.2d 1017 (1980); *Plese-Graham, LLC v. Loshbaugh*, 164 Wn. App. 530, 269 P.3d 1038 (2011). In short, there must be an abuse of the corporate form such that recognizing the corporate entity would perpetrate a fraud or manifest injustice. *Northwest Cascade, Inc. v. Unique Const., Inc*., 187 Wn. App. 685, 351 P.3d 172 (2015);

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

*Block v. Olympic Health Spa, Inc*., 24 Wn. App. 938, 604 P.2d 1317 (1979). To successfully pierce the corporate veil, it is necessary to establish certain factors, including fraudulent conveyances by the corporation or its members. *Morgan v. Burks*, 93 Wn.2d 580, 611 P.2d 751 (1980).

*Meisel v. M & N Modern Hydraulic Press Co*. is instructive. In that case, the Court explained that the party seeking to pierce the corporate veil has the burden of proof and must establish that: "the corporate form must be intentionally used to violate or evade a duty" and "disregard must be 'necessary and required to prevent unjustified loss to the injured party.'" *Meisel v. M & N Mod. Hydraulic Press Co.*, 97 Wn.2d 403, 410, 645 P.2d 689 (1982) (*quoting Morgan v. Burks*, 93 Wn.2d 580, 585, 611 P.2d 751 (1980)). The *Meisel* Court made clear that it is completely inappropriate to "attempt[] to work backwards." *Id.*

It is also important to note that whether the corporate veil should be pierced is a question for the jury—not for the attorneys or the parties. *See Shell Oil Co. v. Livingston Fertilizer & Chem. Co.*, 9 Wn. App. 596, 600, 513 P.2d 861(1973) (*citing Rena-Ware Distributors, Inc. v. State*, 77 Wn.2d 514, 463 P.2d 622 (1970) and *Von Herberg v. Von Herberg*, 6 Wn.2d 100, 106 P.2d 737 (1940)).

In this case, the sole allegation against Mr. Goldner is that he signed contracts on behalf of entities that were cancelled, or non-existent. With respect to the contract Mr. Goldner signed on behalf of the purportedly non-existent entity WA3 Univ LLC, this was a scrivener's error, and the intended entity name was WA3 Op Univ LLC. Defendants acknowledge that WA3 Op Univ LLC, along with WA3 Properties Talbot LLC, WA3 Properties Renton LLC, WA3 Op Renton LLC, WA3 Properties Univ LLC, and WA3 Op Renton LLC, were cancelled for a period of time due to delayed reporting. They have all since been reinstated and are in good standing. Thus, the only question is whether the Court has a basis for disregarding a corporate form solely based on the fact

AMENDED CR 56 PARTIAL MOTION FOR
SUMMARY JUDGMENT TO DISMISS GOLDNER
Page 5 of 9

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

TACOMA
1200 East D Street
Tacoma, WA 98421
(253) 572-1000

SEATTLE
2101 4th Avenue, Ste. 700
Seattle, WA 98121
(206) 621-1110

OLYMPIA
111 21ST Avenue SW
Olympia, WA 98501
(360) 742-3500

www.DFPBlaw.com

these entities were cancelled for a time. Plaintiffs have failed to set forth, and Defendants are unaware of, any case law to support piercing the corporate veil under such circumstances.

Defendants further dispute that a cancelled entity, in and of itself, is sufficient "clear" evidence of corporate abuse sufficient to hold an individual member liable. There are many reasons an entity may be canceled outside of fraud or other wrongful acts by a member. Plaintiffs have not alleged any wrongdoing whatsoever on behalf of Mr. Goldner, and therefore, any basis for piercing the corporate veil fails. Plaintiffs' claims against Mr. Goldner must be dismissed. And, of course, there is no evidence that Mr. Goldner entered into any contracts with Plaintiffs in his personal capacity—because he never did so. Mr. Goldner is involved with the entity Defendants. That does not mean that he has personal liability. The entire purpose of entities like LLCs is to limit liability. *See generally Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 187, 207 P.3d 1251 (2009), as corrected (Sept. 14, 2009). Now that all of the entities are in good standing there is no legal basis to maintain a cause of action against Mr. Goldner personally. The claims against him must be dismissed.[1]

**B.    WA3 Univ LLC Was Mistakenly Included in a Contract and Should Be Dismissed as a Party Because It Never Existed and Was Only Included Because of a Typo.**

Because WA3 Univ LLC has never actually existed and was only named as a party because of a typo in a contract, it should also be dismissed as a party. It is easy to understand how this issue arose. The three (3) operation transfer agreements ("OTAs") are virtually identical, and each was entered into by entity with similar naming conventions: WA3 Op Renton LLC, WA3 Op Talbot

---

[1] As set forth in the Proposed Order, Mr. Goldner is seeking a dismissal without prejudice as there is a possibility that Plaintiffs *could* pierce the corporate veil in the future and Mr. Goldner *could potentially* have personal liability if that were to occur. However, Plaintiffs cannot put the cart before the horse and that is exactly what they did here by naming him personally before they even attempted to pierce the corporate veil.

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

LLC, and WA3 Op Univ LLC. It appears that the drafter of the OTAs merely left out the Op in WA3 Op Univ LLC. And, because of the duplicative nature of the OTAs, it does not appear that the signatories caught this issue either. WA3 Univ LLC is a non-existent entity. WA3 Op Univ LLC both exists and is in good standing. It is clear that the signatories to the OTAs intended to have the party signing the OTA to be WA3 Op Univ LLC. Therefore, WA3 Univ LLC should be dismissed.

## VI.    CONCLUSION

All of the entity Defendants are now in good standing, and it is undisputed that none of the contracts in this case were executed by Mr. Goldner personally. Unless and until Plaintiffs successfully pierce the corporate veil, all of the claims against Mr. Goldner must be dismissed. WA3 Univ LLC should also be dismissed because it never existed and was only included because of a scrivener's error.

*I certify that this memorandum contains 1,591 words, in compliance with the Local Civil Rules.*

DATED this 18th day of October, 2024.

**DICKSON FROHLICH PHILLIPS BURGESS**

*/s/ Brian Kellett*
ROBERT P. DICKSON, WSBA No. 39770
ALEXANDER J.R. WISBEY, WSBA No. 49696
BRIAN C. KELLETT, WSBA No. 52032

*Attorneys for Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs*

AMENDED CR 56 PARTIAL MOTION FOR
SUMMARY JUDGMENT TO DISMISS GOLDNER
Page 7 of 9

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC
TACOMA            SEATTLE              OLYMPIA
1200 East D Street    2101 4th Avenue, Ste. 700    111 21ST Avenue SW
Tacoma, WA 98421    Seattle, WA 98121    Olympia, WA 98501
(253) 572-1000    (206) 621-1110    (360) 742-3500
www.DFPBlaw.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that on the date given below, I caused to be served the foregoing document on the following persons and in the manner listed below:

| PARTY/COUNSEL | DELIVERY INSTRUCTIONS |
|---|---|
| Leslie Ellen Swanson<br>Daniel Mark Weiskopf<br>Charles Wittmann-Todd<br>MCNAUL EBEL NAWROT & HELGREN<br>600 University Street, Suite 2700<br>Seattle, WA 98101<br><br>*Attorneys for Plaintiffs, Counterclaim Defendants, and Third-Party Defendant William Miller* | ☐ PROCESS SERVER<br>☐ COURIER SERVICE:<br>☐ U.S. MAIL<br>☒ E-SERVICE (if available)<br>☒ EMAIL:<br>lswanson@mcnaul.com<br>dweiskopf@mcnaul.com<br>cwittmanntodd@mcnaul.com |
| Andrew Ramiro Escobar<br>Ashley J. Sherwood<br>SEYFARTH SHAW LLP<br>999 Third Avenue, Suite 4700<br>Seattle, WA 98104 | ☐ PROCESS SERVER<br>☐ COURIER SERVICE:<br>☐ U.S. MAIL<br>☒ E-SERVICE (if available)<br>☒ EMAIL:<br>aescobar@seyfarth.com<br>asherwood@seyfarth.com |
| John D. Waller<br>David Patton<br>DINSMORE & SHOHL<br>211 N. Pennsylvania Street, Suite 1800<br>Indianapolis, IN 46204<br><br>*Attorneys for Intervenor Merchants Bank of Indiana* | ☐ PROCESS SERVER<br>☐ COURIER SERVICE:<br>☐ U.S. MAIL<br>☒ E-SERVICE (if available)<br>☒ EMAIL:<br>john.waller@dinsmore.com<br>david.patton@dinsmore.com |
| Christopher T. Wion<br>SUMMIT LAW GROUP<br>315 5th Avenue, Suite 1000<br>Seattle, WA 98104<br><br>*Attorney for Intervenor eCapital Healthcare Corp.* | ☐ PROCESS SERVER<br>☐ COURIER SERVICE:<br>☐ U.S. MAIL<br>☒ E-SERVICE (if available)<br>☒ EMAIL:<br>chrisw@summitlaw.com |

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

1

Dated this this 18th day of October, 2024 at Seattle, Washington.

2

3
　　　　　　　　　　　　　　*/s/ Louisa Florio*　　　　　　　　
　　　　　　　　　　　　　　Louisa M. Florio, Paralegal

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

AMENDED CR 56 PARTIAL MOTION FOR
SUMMARY JUDGMENT TO DISMISS GOLDNER
Page 9 of 9

**DICKSON FROHLICH PHILLIPS BURGESS** PLLC

| TACOMA | SEATTLE | OLYMPIA |
|---|---|---|
| 1200 East D Street | 2101 4th Avenue, Ste. 700 | 111 21ST Avenue SW |
| Tacoma, WA 98421 | Seattle, WA 98121 | Olympia, WA 98501 |
| (253) 572-1000 | (206) 621-1110 | (360) 742-3500 |

www.DFPBlaw.com

# Decl of B. Miller ISO MFRS

**Final Audit Report** 2024-10-23

| | |
|---|---|
| Created: | 2024-10-23 |
| By: | Lesley Bohleber (lbohleber@bskd.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAzuL_WHgi7z_105oZXAp7w32ahfSA_oBG |

## "Decl of B. Miller ISO MFRS" History

📄 Document created by Lesley Bohleber (lbohleber@bskd.com)
2024-10-23 - 8:55:37 PM GMT

📧 Document emailed to William Miller (wmiller@verticalhealthservices.com) for signature
2024-10-23 - 8:55:46 PM GMT

📄 Email viewed by William Miller (wmiller@verticalhealthservices.com)
2024-10-23 - 8:56:44 PM GMT

✍️ Document e-signed by William Miller (wmiller@verticalhealthservices.com)
Signature Date: 2024-10-23 - 8:57:07 PM GMT - Time Source: server

✅ Agreement completed.
2024-10-23 - 8:57:07 PM GMT