**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
*General Counsel to the Chapter 11 Debtors*

**Hearing Date:   July 9, 2025 at 10:00 a.m.**
**Objections Due:   July 2, 2025**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

In re:                                                                    Chapter 11

GOLDNER CAPITAL MANAGEMENT LLC, <u>et al.</u>,[1]         Case No. 24-73789 (AST)
                                                                         (Jointly Administered)

                                    Debtors.
------------------------------------------------------------------------x

## NOTICE OF MOTION OF DEBTORS' MOTION TO VACATE AND/OR RECONSIDER THE ORDER GRANTING *PRO HAC VICE* APPLICATION OF MICHAEL S. ACKERMAN AND JONES ACKERMAN & CORMAN, LLP

**PLEASE TAKE NOTICE,** that on **July 9, 2025 at 10:00 a.m.,** or as soon thereafter as

counsel may be heard, a hearing (the "<u>Hearing</u>") will be held at the United States Bankruptcy

Court, Eastern District of New York (the "<u>Bankruptcy Court</u>"), before the Honorable Alan S.

Trust, United States Chief Bankruptcy Judge, in Courtroom 960, United States Bankruptcy Court,

Eastern District of New York (the "<u>Bankruptcy Court</u>"), Alfonse M. D'Amato U.S. Courthouse,

290 Federal Plaza, Central Islip, New York 11722, on the motion (the "<u>Motion</u>") of Goldner

Capital Management LLC ("<u>GCM</u>"), GCM Manager LLC ("<u>GCM Manager</u>"), GCM Parkside

LLC ("<u>GCM Parkside</u>"), GCM UP LLC ("<u>GCM UP</u>"), GCM Wash LLC ("<u>GCM Wash</u>"), LHW

Master Tenant LLC ("<u>LHW</u>"), and Missouri MT Holdings LLC ("<u>MT Holdings</u>"), the above-

captioned debtors and debtors-in-possession (each a "<u>Debtor</u>" and together, "<u>Debtors</u>"), in the

---

[1]     The jointly administered Debtors are: Goldner Capital Management LLC (24-73789), GCM Manager LLC (24 73790), GCM Parkside LLC (24-73791), GCM UP LLC (24-73792), GCM Wash LLC (24-73793), LHW Master Tenant LLC (24-73794) and Missouri MT Holdings LLC (24-73795).

above-captioned jointly administered cases pending under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"), by their counsel, LaMonica Herbst & Maniscalco, LLP, as and for its motion seeking the entry of an order vacating and/or reconsidering the Order dated April 28, 2025 (Dkt. No. 241) granting *pro hac vice* of Jones Ackerman & Corman, LLP (Michael S. Ackerman, Esq.) ("Pro Hac Order") in these cases on behalf of Capital Source, LLC ("Capital Source") and The Capital Foresight Limited Partnership ("Capital Foresight" and together, "Capital") ("Motion"), and granting such other, further and different relief as this Court deems just and proper.

 **PLEASE TAKE FURTHER NOTICE**, that all attorneys and unrepresented parties are required to register at least two (2) business days in advance of the Hearing using the Court's eCourt Appearances platform available at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Further information on eCourt Appearances is available at: https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. Please refer to Chief Judge Trust's chambers page on the Court website for further information at: https://www.nyeb.uscourts.gov/content/chief-judge-alan-s-trust.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure, (c) set forth the factual and legal basis for the objections, (d) be filed with the Court through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nyeb.uscourts.gov, and (e) be served so as to be received by (i) LaMonica Herbst & Maniscalco, LLP, counsel to the Debtor, 3305 Jerusalem Avenue, Suite 201, Wantagh, New York 11793 (Attn: Joseph S. Maniscalco, Esq.), and (ii) Office of the United States Trustee, 560 Federal

Plaza, Central Islip, New York 11722, Attn: Christine H. Black, Esq., Assistant United States

Trustee, so as to be received on or before July 2, 2025.

Dated:  May 9, 2025
        Wantagh, New York

                                     **LAMONICA HERBST & MANISCALCO, LLP**
                                     *General Counsel to the Chapter 11 Debtors*

                  By:    */s/ Joseph S. Maniscalco*
                          Joseph S. Maniscalco, Esq.
                          3305 Jerusalem Avenue, Suite 201
                          Wantagh, New York 11793
                          Tel. (516) 826-6500

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Joseph S. Maniscalco, Esq.
*General Counsel to the Chapter 11 Debtors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

In re:                                                                          Chapter 11

GOLDNER CAPITAL MANAGEMENT LLC, <u>et al.</u>,[2]        Case No. 24-73789 (AST)
                                                                                (Jointly Administered)

                              Debtors.
----------------------------------------------------------------------x

### DEBTORS' MOTION TO VACATE AND/OR RECONSIDER THE ORDER GRANTING *PRO HAC VICE* APPLICATION OF MICHAEL S. ACKERMAN AND JONES ACKERMAN & CORMAN, LLP

TO:    THE HONORABLE ALAN S. TRUST
          CHIEF UNITED STATES BANKRUPTCY JUDGE

Goldner Capital Management LLC ("<u>GCM</u>"), GCM Manager LLC ("<u>GCM Manager</u>"), GCM Parkside LLC ("<u>GCM Parkside</u>"), GCM UP LLC ("<u>GCM UP</u>"), GCM Wash LLC ("<u>GCM Wash</u>"), LHW Master Tenant LLC ("<u>LHW</u>"), and Missouri MT Holdings LLC ("<u>MT Holdings</u>"), the above-captioned debtors and debtors-in-possession (each a "<u>Debtor</u>" and together, "<u>Debtors</u>"), in the above-captioned jointly administered cases pending under Chapter 11 of Title 11 of the United States Code ("<u>Bankruptcy Code</u>"), by their counsel, LaMonica Herbst & Maniscalco, LLP, as and for its motion seeking the entry of an order vacating and/or reconsidering the Order dated April 28, 2025 (Dkt. No. 241) granting *pro hac vice* of Jones Ackerman & Corman, LLP (Michael S. Ackerman, Esq.) ("<u>Pro Hac Order</u>") in these cases on behalf of Capital Source, LLC ("<u>Capital Source</u>") and The Capital Foresight Limited Partnership ("<u>Capital Foresight</u>" and together, "<u>Capital</u>") ("<u>Motion</u>"), respectfully sets forth and represents as follows:

---

[2]          The jointly administered Debtors are: Goldner Capital Management LLC (24-73789), GCM Manager LLC (24-73790), GCM Parkside LLC (24-73791), GCM UP LLC (24-73792), GCM Wash LLC (24-73793), LHW Master Tenant LLC (24-73794) and Missouri MT Holdings LLC (24-73795).

## PRELIMINARY STATEMENT

It is quite clear to the Debtors that Capital is engaging in a concerted effort to delay the Debtors cases due to the recent dismissal order directing that the Debtors cases be dismissed if the plans of reorganization cannot be confirmed by August 31, 2025. This concerted effort was further bolstered by the recent filings of the Gutnicki LLP firm seeking to withdraw as counsel in all of the cases on behalf of Capital. Prior to those withdrawal motions, Gutnicki took an aggressive approach and has failed to engage in any discovery related to the Debtors' motions objecting to Capital's proof of claim. See Dkt. Nos. 196, 230 and 243.

This attempt to seek *pro hac vice* of an attorney who practices law in the State of California with no knowledge of the rules of this Court or this District, and who has already served as a witness and will continue to be a witness, is inappropriate and must be denied. There are hundreds of competent counsels in the Eastern District of New York who can handle this litigation in place of the Gutnicki firm. The attempt by Capital to seek their in house counsel, Michael Ackerman, is a strategic move to frustrate the Debtors.

While the *Pro Hac Vice* Order appears to have been granted administratively, for the reasons set forth herein, and in the Debtor's response and objection filed on April 29, 2025. See Dkt. No. 242, the Debtors would request reconsideration or vacatur of the *Pro Hac Vice* Order. Prior to filing the instant Motion, Debtors requested Ackerman's consent.[3]

For those reasons, and as more fully set forth herein, the *Pro Hac* Vice Order should be vacated and the request of Ackerman be denied.

---

[3]     As of May 9, 2025, the firm of Certilman Balin Adler & Hyman, LLP ("Certilman Firm") filed a notice of appearance on behalf of Capital. As such, there is no prejudice to Capital vacating the Pro Hac Order.

**BACKGROUND**

**A.    The Debtors**

1.    The Debtor, GCM, is the direct or indirect owner of a majority of the membership interests of, among other entities, the other six Debtors.

2.    GCM is an investment firm focused on post-acute health care, primarily investing in real estate and operations of skilled nursing facilities. GCM has operated in 7 states, employing over 6,500 people at its peak. GCM is headquartered in Valley Stream, New York.

**(i)    Goldner Capital Management LLC**

3.    GCM is a Delaware limited liability company owned by the Goldner Family Trust and managed by Samuel Goldner, individually. GCM operates as an investment holding company and was formerly known as Solomon Investments LLC.

4.    GCM owns membership interests in GCM Parkside LLC, Parkside Union MGMT Holdings LLC, GCM Missouri LLC, Missouri MGMT Holdings LLC, GCM UP LLC, Wash Three MGMT Holdings LLC, GCM Wash LLC, and Wash Three MGMT Holdings LLC.

**(ii)    GCM Manager LLC**

5.    GCM Manager is a Delaware limited liability company that is owned and managed by Samuel Goldner, individually.

6.    Pursuant to each of the Debtors' LLC agreements, GCM Manager or its owner, Samuel Goldner, serve as the Manager of each of the Debtors.

**(iii)    GCM Parkside LLC**

7.    GCM Parkside is Delaware limited liability company that is owned by GCM. GCM Parkside owns membership interests in Parkside Union Propco Holdings LLC and Parkside Union OP Holdings LLC.

3

(iv)    **GCM UP LLC**

8.      GCM UP is a Delaware limited liability company owned by GCM. GCM UP owns membership interests in UP Propco Holdings LLC and UP OP Holdings LLC.

(v)    **LHW Master Tenant LLC**

9.      LHW Master Tenant is a Delaware limited liability company owned by Missouri MT Holdings. LHW Master Tenant operates as a single asset real estate company.

(vi)    **Missouri MT Holdings LLC**

10.     MT Holdings is a Delaware limited liability that holds membership interests in the following property holding companies: Siro Prop Holdings LLC, Siro Master Tenant LLC, LHW Master Tenant LLC, SRZ Master Tenant LLC and MO Master Tenant LLC.

**B.    <u>Capital's Motion to Dismiss</u>**

11.     After a long-winded contested motion practice and evidentiary hearing, on April 23, 2025, the Court denied Capital's Motion to Dismiss these cases.  On the heels of that decision, on April 24, 2025 the *pro hac vice* Motion was filed [Dkt. No. 236].

12.     On April 25, 2025, Debtors' counsel filed a letter with the Court asking for an opportunity to respond to the Motion by May 5, 2025 [Dkt. No. 237].

13.     On April 28, 2025, unsure whether the Court had knowledge of the Debtor's Letter Objection, the Motion was granted and the Court entered an Order for *pro hac vice* of the Ackerman Firm ("<u>Pro Hac Order</u>").

14.     On April 29, 2025, the Debtors filed their response and objection to the Pro Hac Order.

<b><u>THE MOTION FOR <i>PRO HAC VICE</i> APPROVAL</u></b>

15.     On April 24, 2025, the *pro hac vice* Motion was filed. In the Motion, Ackerman failed to disclose that he was a prior witness in this case and that he will be a witness in the

pending litigation filed by Debtors' special counsel.  See Goldner Capital Management, LLC, et al. v. Capital Source, LLC, et al., Adv. Pro. No. 25-08015 (AST) ("Litigation").

16.    On March 14, 2025, the Debtors filed a motion objecting to Capital's proof of claim ("Claims Motion") [Dkt. No. 196]. Ackerman will be called as a witness in the Claim Motion contested matter. In the Claims Motion, interestingly, on May 1, 2025, before Gutnicki's motion to withdraw was filed, Max Schlan, Esq., prior counsel, took the position that "We will not discuss or provide any discovery without a properly served complaint and a proper opportunity to answer or seek dismissal of the complaint".  Attached as **Exhibit A** is a copy of the email.  Despite the Claims Motion being deemed a contested matter under Bankruptcy Rule 9014, and the bland response by Capital, his last thought before leaving the case was essentially "we are not cooperating".  The Claims Motion is crucial to the Debtors' asserted claims against Capital and germane to the plan of reorganization process and confirmation.  Capital knows this. The Claims Motion was filed almost sixty (60) days ago yet Capital will not engage in discovery. On the heels of that, Gutnicki filed motions to withdraw as counsel and sought *pro hac vice* retention of an attorney whom they know is a witness and does not have the requisite knowledge of this Court's rules, let alone that he is 3,000 miles away from the courthouse.

17.    The Debtors would refer the Court to the response and objection filed on April 29, 2025 and will not reiterate the arguments made therein. See Dkt. No. 242.

18.    From a procedural perspective, the Debtors seek reconsideration or vacatur of the Pro Hac Order.

### LEGAL BASIS FOR RELIEF REQUESTED

### C.    Motion to Reconsider Court Order Standard

19.    The standard for granting a motion to reconsider a prior court order is very strict. Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995); In re Fuschi-Aibel, 2020 Bankr. LEXIS

180, at \*5 (Bankr. D. Conn. Jan. 14, 2020); <u>In re Big Apple Energy, LLC</u>, 2022 Bankr. LEXIS

850, at \*12 (Bankr. E.D.N.Y. Apr. 1, 2022). Motions to reconsider a prior court order will

"generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked – matters, in other words, that might reasonably be expected to alter the

conclusions reached by the court." <u>Shrader</u>, 70 F.3d at 257; <u>Fuschi-Aibel</u>, 2020 Bankr. LEXIS

180, at \*5; <u>Big Apple</u>, 2022 Bankr. LEXIS 850, at \*12. Such motions will not be granted where

the party seeks to relitigate an issue that has already been decided. <u>Shrader</u>, 70 F.3d at 257;

<u>Fuschi-Aibel</u>, 2020 Bankr. LEXIS 180, at \*5. In this case, since the Pro Hac Order was granted

administratively without argument, the Debtors would request reconsideration.

20.     A motion for reconsideration is considered timely if it is filed within 14 days of

the judgment or order.[4] <u>In re Banfi</u>, 2021 Bankr. LEXIS 1553, at \*2 (Bankr. E.D.N.Y. 2021).

However, arguments raised for the first time on a motion for reconsideration are considered

untimely. <u>Big Apple</u>, 2022 Bankr. LEXIS 850, at \*12. Therefore, it is improper for a movant to

present new material on a motion for reconsideration, because that material has not been

previously represented and therefore has not been previously overlooked by the court. <u>Big Apple</u>,

2022 Bankr. LEXIS 850, at \*12; <u>In re AMR Corp.</u>, 2021 Bankr. LEXIS 2978, at \*3 (Bankr.

S.D.N.Y. 2021.

**D.      <u>Motion to Vacate Court Order Standard</u>**

21.     The burden of proof is on the party seeking relief from judgment, and whether to

grant the motion or not is within the discretion of the court. Additionally, a motion to vacate or

for relief from judgment may not be used to "relitigate matters settled by the original judgment."

<u>In re AMR Corp.</u>, 2016 Bankr. LEXIS 515, at \*7 (Bankr. S.D.N.Y. Feb. 18, 2016).

---

[4]      The time to file the instant Motion is no later than May 12, 2025.

22.     When determining this motion, courts balance fairness considerations present in a particular case against the policy of favoring the finality of judgments. In re Brooks, 2014 Bankr. LEXIS 4636, at *35 (Bankr. E.D.N.Y. Nov. 5, 2014). Still, the evidence presented by the movant must be convincing, the movant must show good cause for not acting sooner, and no undue hardship must be imposed on other parties. Brooks, 2014 Bankr. LEXIS 4636, at *35. Rule 60 provides some grounds that may warrant relief from an order, which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; and (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable. Fed. R. Civ. P. Rule 60(b).

23.     Here, the Debtors seeks relief under Rule 60(1) – mistake or inadvertence.  The Debtors believe the Pro Hac Order was administratively signed quickly due to the normal circumstances under which these types of Motions are granted.  However, here, Ackerman failed to properly articulate in the underlying Motion his knowledge of the Bankruptcy Rules, familiarity with the Court and its rules, but more importantly, disclose to the Court that he was already a witness and will be a witness again.

24.     While Ackerman may argue in response that his testimony was stricken at the evidentiary hearing, that argument lacks merit.  Because Ackerman prepared an affidavit that was overwhelmingly hearsay and not recognized under the Federal Rules of Evidence does not save Ackerman in his failure to disclose to the Court his witness status. Instead, it corroborates his lack of knowledge of the Federal Rules.  He was already listed as a witness, and he knows that he will be a witness again in this case.  Indeed, since he was unable to prepare even a simple

affidavit that was not wrought with hearsay, one should question his competence to litigate this case in the future or his lack of knowledge in this area.  His failure to explain to the Court his lack of knowledge of the Bankruptcy Rules, this Court, or the litigation procedures in this District are fatal to his Motion and the Pro Hac Order should be vacated.

25.      Recently, on May 8, 2025, Capital retain new local counsel who is very competent and familiar with bankruptcy.  Therefore, the Pro Hac Order is no longer necessary and Ackerman should voluntarily withdraw his prior request.

26.      On May 8, 2025, the Debtors requested that Ackerman withdraw his *pro hac vice* request and agree to a consent order vacating the Pro Hac Order.  Ackerman denied that request prompting the filing of this motion.

## CONCLUSION

**WHEREFORE**, for all the above reasons, the Debtors respectfully submit that the Pro Hac Order be vacated, and for such other and further relief in favor of the Debtors as the Court deems just and proper under the circumstances.

Dated:  May 9, 2025
      Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
*General Counsel to the Chapter 11 Debtors*

By:    */s/ Joseph S. Maniscalco*
      Joseph S. Maniscalco, Esq.
      3305 Jerusalem Avenue, Suite 201
      Wantagh, New York 11793
      Tel. (516) 826-6500
