UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

GOLDNER CAPITAL MANAGEMENT LLC, *et al.*,[1]

Debtor.

-----------------------------------------------------------------X

Chapter 11
Case No. 24-73789-AST
(Jointly Administered)

## ORDER DENYING DEBTORS' MOTION
## TO VACATE AND/OR RECONSIDER

Pending before this Court is the Debtors' Motion ("Motion") to vacate and/or reconsider a prior order of this court. [Docket No. 278]. For the reasons that follow, the Motion is denied. The Debtors shall confirm their Chapter 11 plans by no later than August 31, 2025, or the Debtors' Chapter 11 cases shall be dismissed.

JURISDICTION

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

BACKGROUND AND PROCEDURAL HISTORY

On October 2, 2024, Goldner Capital Management LLC, GCM Manager LLC, GCM Parkside LLC, GCM Up LLC, GCM Wash LLC, LHW Master Tenant LLC, and Missouri MT Holding LLC ("Debtors") filed individual petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the Eastern District of New York. [Docket No. 1].

---

[1] The current Jointly Administered Debtors are: Goldner Capital Management LLC (Case No. 24-73789), GCM Manager LLC (Case No. 24-73790), GCM Parkside LLC (Case No. 24-73791), GCM UP LLC (Case No. 24-73792), GCM Wash LLC (Case No. 24-73793), and Missouri MT Holdings LLC (Case No. 24-73795).

On October 22, 2024, this Court issued an order authorizing the joint administration of the Debtors' Chapter 11 cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. [Docket No. 33].

On October 14, 2024, Capital Source, LLC ("Capital Source") and The Capital Foresight Limited Partnership ("Capital Foresight" and together, "Capital") filed a motion to dismiss ("Capital's MTD"), alleging that the Debtors lacked corporate authority to file for Chapter 11 and that the cases were filed in bad faith. [Docket No. 20]. On October 22, 2025, Capital Funding, LLC filed a motion to dismiss ("Capital Funding's MTD" together with Capital's MTD the "Motions to Dismiss") the Chapter 11 Case of LHW Master Tenant. [Docket No. 29]

On October 23, 2024, this Court issued a contested matter scheduling order setting an evidentiary hearing on the Motions to Dismiss for December 4, 2024, at 10:30 am. [Docket No. 41]. The December 4, 2024, evidentiary hearing was adjourned without hearing to December 16, 2024. The December 16, 2024, hearing was held and adjourned to February 26, 2025.

On January 28, 2025, this Court issued an order severing LHW Master Tenant LLC from the joint administration of the Debtors' Chapter 11 cases. [Docket No. 147].

This Court held a ruling conference on the Motions to Dismiss on April 23, 2025, wherein the Motions to Dismiss were denied as per the terms stated on the record.

On May 5, 2025, this Court entered an order denying the Motions to Dismiss ("Denial Order"). [Docket No. 247]. The Denial Order held that moving parties had failed to show that Debtors lacked corporate authority to file for Chapter 11 and failed to show that Debtors acted in bad faith. Additionally, the May 5, 2025, Denial Order specified that the Debtors would have until August 31, 2025, to confirm their Chapter 11 plan, and further specified that failure to confirm a Chapter 11 plan by August 31, 2025 "shall" result in dismissal of the Debtors' cases.

On May 19, 2025, the Debtor filed the instant Motion to vacate and/or reconsider the Denial Order, seeking to alter the phrase "*shall* be dismissed" to "*may* be dismissed" regarding the August 31, 2025, Chapter 11 plan deadline. [Docket No. 278].

On June 5, 2025, Capital filed an objection to the Debtors' Motion, arguing that the Court's use of "*shall*" in the Denial Order was proper, and should remain unchanged. [Docket No. 290].

LEGAL STANDARDS

I.    RECONSIDERATION

The legal analysis for a motion to reconsider an order should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP"). *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (*citing McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (Bankr. S.D.N.Y. 1996). Accordingly, the Court will deem the Motion to be one under FRCP 59(e) and Bankruptcy Rule 9023. A motion for reconsideration is considered timely under Rule 59(e) and Bankruptcy Rule 9023 if it is filed within fourteen days of the judgment or order. *In re Bankfi*, 2021 WL 2407504, at *2 (Bankr. E.D.N.Y. 2021). The Debtor filed its Motion fourteen (14) days after the Order of Dismissal was entered. Thus, the Motion is timely.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Rafter v. Liddle, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under

FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]" Rafter, 288 Fed. Appx. at 769 (citing Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998)). Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." Rafter, 288 Fed. Appx. at 769. See also Lynch v. Barnard, 2:18-cv-06893-JS (E.D.N.Y. 2020).

## II.    MISTAKE

Fed. R. Civ. P. Rule 60(b)(1) allows a court to relieve a party or its legal representative from an order for reasons of mistake, inadvertence, surprise, or excusable neglect. The burden of proof is on the party seeking relief from judgment, and whether to grant the motion is within the discretion of the court. Additionally, a motion to vacate or for relief from judgment may not be used to "relitigate matters settled by the original judgment." *In re AMR Corp.*, 2016 Bankr. LEXIS 515, at *7 (Bankr. S.D.N.Y. Feb. 18, 2016). When determining this motion, courts balance fairness considerations present in a particular case against the policy of favoring the finality of judgments. *In re Brooks*, 2014 Bankr. LEXIS 4636, at *35 (Bankr. E.D.N.Y. Nov. 5, 2014).

## DISCUSSION

As an initial matter this Court will address the Debtors' belief that the word "shall" was "… inadvertently used…" in the Denial Order. It was not. This Court deliberately chose to use the word "shall." The Debtors' Chapter 11 cases are approaching a year old, and a confirmable plan of reorganization has yet to be presented. The Court intended the August 31, 2025, deadline to be just that—a deadline by which the Debtors shall present a confirmable plan or face dismissal.

Turning next to the Debtors' reconsideration request, the Debtors have failed to point to "controlling decisions… that the [C]ourt overlooked" which would give rise to an inference that the Court's use of "shall" was inadvertent, nor have the Debtors pointed to any "data that the [C]ourt overlooked" that would require the Court to use "may" in place of "shall" and leave the

door open for an extension past the August 31, 2025, deadline. *Rafter*, 288 Fed. Appx. at 769. No error was made by this Court in entering the Denial Order.

First, the Debtors' Motion fails to cite any controlling decisions that would apply directly to the facts of the case at bar, that would steer the Court towards reconsideration. Indeed, *Rafter* is instructive for instances when reconsideration is proper, but the Debtor fails to cite any statutes, case law, or legal rationale that would require the Court to substitute "may" for "shall" in instances where the alleged protracted liquidation of property belonging to subsidiaries or affiliates of a debtor would require the court to reconsider its' own order.

Second, the Debtors' Motion fails to identify any data or information that the Court overlooked that would cause the court to alter "shall" to "may."  The Debtors' Motion concedes that the "Debtors are not seeking to relitigate any of the issues litigated in the Motion to Dismiss." (Debtors' Motion. ¶ 30). However, asking for the Court to change "shall" to "may" would give rise to the inference that the Debtors are seeking to relitigate issues in the Motion to Dismiss, if the August 31, 2025, deadline is not met.

Third, the only information or data that the Debtors' Motion might suggest was not considered by the Court, is the "immediate and direct effect of the Chapter 11 filings of the PropCos and Prest." (Debtors' Motion. ¶ 29), but immediately preceding that clause, the Debtors' Motion states that it was "indeed these Debtors" *not* the Court who failed to anticipate these effects. The Debtors' Motion states that "Renton, Talbot, and Univ are under the common control of Chapter 11 Debtor GCM" and that "Renton, Talbot, and Univ are owned by Wash Three Propco Holdings LLC, which is owned by Chapter 11 Debtor GCM Wash." and "The PropCos are substantially intertwined and connected to these Debtors." (Debtors' Motion. ¶ 15, 16, 21). The Debtors' Motion admits that they did not "anticipate[] the immediate and direct effect of the[se]

Chapter 11 filings" on the controlled entities; but given that the entities are "substantially intertwined" the Debtor should have anticipated these effects.

Finally, as Capital's objection to the Debtors' Motion correctly notes, the Court has addressed its' reasoning as to why the Debtors should be held to the August 31, 2025. (Capital's Objection ¶15) (citing Mot. Exhibit A, Hr. Tr. 23:11 – 24:14). The fact that "… these cases have been before the Court in a number of instances," this Court's interest in "securing the just, speedy, and inexpensive determination of these cases in accordance with Bankruptcy Rule 1001," the tremendous resources and money that have already been spent on these cases, and failed mediation attempts are all reasons why this Court used "shall" and not "may" when setting the August 31, 2025, confirmation deadline. The Court's use of "shall" was indeed purposeful, not inadvertent as is alleged in the Debtors' Motion.

## CONCLUSION

Therefore, based on the Court's consideration of the record as whole in these jointly administered Chapter 11 cases it is hereby

**ORDERED**, the Motion is denied.

Dated: June 13, 2025
      Central Islip, New York

                                         Alan S. Trust
                           Chief United States Bankruptcy Judge