UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

GOLDNER CAPITAL MANAGEMENT LLC, et al.,[1]

Debtors.
----------------------------------------------------------------X

Chapter 11

Case No. 24-73789 (AST)
(Jointly Administered)

## ORDER CONFIRMING
## CHAPTER 11 PLAN OF LIQUIDATION

UPON the Second Amended Plan of Liquidation (the "Plan") [Docket No. 344] proposed

by Missouri MT Holdings LLC, the debtor (the "Debtor"), pursuant to Chapter 11 of Title 11 of

the United States Code (the "Bankruptcy Code"), having been filed with this Court; and notice of

the hearing on confirmation (the "Hearing") of the Plan having been duly transmitted to creditors

in accordance with Section 1128 of the Bankruptcy Code; and objections (the "Objections") to

the confirmation of the Plan having been filed by (a) Vertical Health Services, LLC [Docket

Nos. 376 and 379] and (b) GM Evercore Ventures LLC [Docket No. 390]; and upon the Debtor's

filed Replies to the Objections [Docket Nos. 387 and 393]; and upon the declaration (the

"Declaration") [Docket No. 374] filed on behalf of the Debtor in support of confirmation of the

Plan; and upon the summary and certification of ballots (the "Certification of Ballots") [Docket

No. 386] evidencing the votes cast to accept or reject the Plan; and upon the hearings on the

confirmation (the "Confirmation") of the Plan held before the Honorable Alan S. Trust, Chief

United States Bankruptcy Judge, Eastern District of New York, on August 6, 2025, and the

ruling conference on August 14, 2025 (collectively, the "Hearing"); and upon the record (the

"Record") made at the Hearing, the transcript of which is incorporated herein; and it having been

---

[1] The jointly administered Debtors are: Goldner Capital Management LLC ("Lead Debtor") (24-73789), GCM Manager LLC (24-73790), GCM Parkside LLC (24-73791), GCM UP LLC (24-73792), GCM Wash LLC (24-73793) and Missouri MT Holdings LLC (24-73795).

1

determined at the Hearing that the requirements for Confirmation set forth in Sections 1123 and 1129 of the Bankruptcy Code having been satisfied:

**THE COURT FINDS AND CONCLUDES**[2] **THAT:**

A.      Confirmation of the Plan arises under a case commenced under the Bankruptcy Code and is a proceeding in a case within the meaning of 28 U.S.C. §1334(b).

B.      Venue of this proceeding in this district is proper pursuant to 28 U.S.C. §1409.

C.      Proper, timely and adequate notice of the Confirmation Hearing, and the right to file objections to confirmation of the Plan, have been provided in accordance with Sections 102 and 105 of the Bankruptcy Code, and Bankruptcy Rules 2002 and 3020, and no further or other notice of the Confirmation Hearing or the entry of this Order is required.

D.      All interested parties, including all known creditors of the Debtor, had a reasonable opportunity to object or otherwise be heard with respect to the Confirmation of the Plan.

E.      The Plan is feasible, and confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial liquidation or reorganization of the Debtor.

F.      The Plan complies with all applicable provisions of the Bankruptcy Code, generally, and with Sections 1121, 1122, 1123, 1124, 1126 and 1129 of the Bankruptcy Code, specifically.

---

[2] In accordance with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed. All capitalized terms not defined herein shall have the same meanings as ascribed in the Plan.

G.      Under the Plan, three (3) Classes of creditor Claims and/or Interests are impaired, and based upon the solicitation and casting of votes, as evidenced by the Certification of Ballots, Classes 2 and 3 have accepted the Plan.

H.      In accordance with Bankruptcy Rule 3020(b)(2) and the Declarations, the Plan has been proposed in good faith and not by any means forbidden by law.

I.      The Plan does not discriminate unfairly, and is fair and equitable, with respect to each Class of Claims or Interests that is impaired under the Plan.

J.      The Debtor and/or the confirmed debtor (the "Confirmed Debtor") has/have the full power and authority to enter into and/or execute such documents and/or agreements, and consummate any transactions, contemplated by the Plan.

K.      The Debtor properly authorized the Plan and has consented to entry of this Order.

**IT IS, THEREFORE ORDERED that:**

1.      The Plan, as described on the Record of the Confirmation Hearing, is confirmed in accordance with Sections 1123, 1129 and 1141 of the Bankruptcy Code.

2.      The foregoing findings are incorporated into the decretal paragraphs of this Order by reference and constitute orders of the Court.

3.      Any and all objections to the Plan not previously resolved or withdrawn, whether filed or not, are overruled.

4.      The Debtor, through the assistance of counsel, will serve as the Distributing Agent under the Plan.

5.      Except as otherwise expressly provided in the Plan or for distributions required to be paid or delivered pursuant to the Plan or this Confirmation Order, effective on the Confirmation Date, all creditors who have held, hold, or may hold Claims against the Debtor or

3

its assets are enjoined from taking any of the following actions against or affecting the Debtor or the assets of the Debtor with respect to such Claims (other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order): (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against any assets or property of the Debtor's and/or Confirmed Debtor's estate(s), or property that is to be distributed under the Plan; (b) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means whether directly or indirectly any judgment, award, decree or order against any assets or property of the Debtor's and/or Confirmed Debtor's estate(s), or property to be distributed under the Plan; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any assets or property of the Debtor's and/or Confirmed Debtor's estate(s), or property to be distributed under the Plan; (d) asserting any set-off, right of subrogation or recoupment of any kind directly or indirectly against any obligation due the Debtor and/or Confirmed Debtor, or any assets or property thereof; and (e) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

6.    Pursuant to Section 1146(a) of the Bankruptcy Code, the exemption for transfer taxes, if any, for any assets transferred under the Plan, applies upon Confirmation of the Plan, and the transfer of such assets shall not be subject to any stamp tax, transfer tax, recording tax, filing fee, sale or use tax or similar tax.

7.    The Debtor, under the Plan, shall (a) file quarterly post-confirmation reports, and (b) pay all statutory fees due and payable under 28 U.S.C. § 1930(a)(6) and interest due pursuant to 31 U.S.C. § 3717, until the entry of a final decree, dismissal or conversion of the case to Chapter 7.

8.      Any Claims that were not filed on or before the respective deadlines set forth in this case shall not participate in any distribution under the Plan and shall be forever barred, and neither the Debtor, the Confirmed Debtor, nor their estates, nor any disbursing or distributing agent, nor any professional person employed by any of the foregoing, shall have any liability therefor or with respect thereto.

9.      A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder, including without limitation, to act to cancel any encumbrances of record.  This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in property, including any leased property or lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate any transactions in connection with and/or contemplated by the Plan.

10.      The terms and provisions of this Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Confirmed Debtor, its/their successors and assigns, and shall be binding in all respects upon all creditors, whether or not such creditor accepted the Plan, and any affected third parties.

11.      The Debtor, the Confirmed Debtor, and any professional employed thereby, are authorized and empowered to expend such funds, take all such actions, and execute and deliver

any and all documents as reasonably necessary to implement the terms of this Order and the Plan.

12.    The Court shall retain jurisdiction to, among other things, interpret, adjudicate, implement, and enforce the terms and provisions of this Order and the Plan.

13.    Pursuant to Bankruptcy Rule 3020(e), this Order and the relief granted herein shall not be stayed until the expiration of fourteen (14) days after entry, and this Order shall be effective immediately upon its entry.

Dated: August 25, 2025
        Central Islip, New York



_____
Alan S. Trust
Chief United States Bankruptcy Judge