UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

GOLDNER CAPITAL MANAGEMENT, LLC, *et al.*,

Debtors.
-------------------------------------------------------------------X

Chapter 11
Case No. 8-24-73789-ast
(Jointly Administered)

### ORDER DENYING MOTION TO ALLOW
### CLAIM AFTER CLAIMS BAR DATE

Pending before the Court is the Motion of Omega Healthcare Investors, Inc.'s ("Omega") to file a claim after the claims bar date. [Dkt. No. 325]. For the reasons that follow, the Motion is denied, but Omega may file its claim as a late filed claim.

**JURISDICTION**

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O), and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, and as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

**BACKGROUND AND PROCEDURAL HISTORY**

On October 2, 2025, Goldner Capital Management LLC ("GCM") and several other debtors filed petitions for relief under Title 11 Chapter 11 of the United States Code ("Bankruptcy Code"). [Dkt. No. 1]. On October 22, 2024, the Court entered an order authorizing the joint administration of the GCM case with following member cases: 24-73790; 24-73791; 24-73792; 24-73793; and 24-73795 (collectively with GCM the "GCM Debtors"). [Dkt. No. 34].

On October 3, 2024, this Court *sua sponte* issued an Order Establishing Deadlines for Filing Proofs of Claim ("Bar Date Order") setting a claim bar date in each of the GCM Debtors cases on December 16, 2024 ("Bar Date"). [Dkt. No. 9]. The Bar Date Order provides "… that

notice of the Bar Date, substantially in the form set forth in Administrative Order 684… shall be deemed adequate and sufficient if served by first-class mail with a copy of this Order by no later than five (5) days after entry of this Order, upon…," *inter alia*, "…  (e) all creditors and other known holders of claims against any of the… [GCM] Debtors as of the date of this Order, including all persons listed on the Schedules; (f) all parties to executory contracts and unexpired leases of any of the… [GCM] Debtors; [and] (g) all parties to litigation with any of the… [GCM] Debtors…" [Dkt. No. 9].

On October 8, 2024, the GCM Debtors provided notice of the Bar Date Order to, among others, Omega at 303 International Circle, Suite 200, Cockeysville, MD 21030-1359. [Dkt. No. 14].

On June 26, 2025, Omega filed a motion to file a claim after the claims bar date ("Motion"). [Dkt. No. 325]. On July 16, 2025, the GCM Debtors filed a response in opposition ("Objection") to the Motion. [Dkt. No. 351]. Omega filed a reply to the Objection on July 18, 2025. [Dkt. No. 353].

On December 4, 2025, Omega filed a letter requesting a hearing on the Motion. [Dkt. No. 464].

The Court scheduled a hearing on the Motion for February 25, 2026 ("Hearing"). [Dkt. No. 464]. Counsel to the GCM Debtors and Omega appeared at the Hearing. Given the clear record, the Court determined that no evidentiary hearing was required, and marked the Motion as submitted.

**LEGAL STANDARD**

Omega does not dispute that it is bound by the Bar Date. Rather, Omega requests relief pursuant to 9006(b)(1) of Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") which provides "… when an act is required or allowed to be done at or within a specified period ... by

order of court, the court for cause shown may at any time in its discretion ... permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership et al.*, 113 S. Ct. 1489, 1495 (1993).

A determination of excusable neglect "… is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 1498. This applies to "… late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*

In determining whether the failure to timely file a proof of claim is "excusable," the United States Supreme Court has instructed that bankruptcy courts should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 1498.

**DISCUSSION**

Omega argues that its failure to file a timely proof of claim is attributable to excusable neglect, in that Omega claims not to have known that it had a claims against GCM[1] until it was ordered to amended its pleadings in an action pending in the Circuit Court of Cook County, Illinois ("Illinois Action") by order dated June 20, 2025.

By way of background, Omega initiated the Illinois Action on April 4, 2023, by filing a complaint against Apex Construction Management, LLC, Joshua Ray, and Sam Turk (collectively, the "Apex Defendants").

On July 23, 2023, the Apex Defendants filed their first motion to dismiss, which was

---

[1] The Court notes that Omega was only ordered to amend its pleadings to include GCM and not the other jointly administered Debtors. Therefore, Omega's late filed claim will only be considered as to GCM.

granted by an Order dated November 15, 2023, with leave to replead.

On December 15, 2023, Omega filed its First Amended Complaint ("FAC") against the Apex Defendants.

On January 29, 2024, the Apex Defendants filed their motion to dismiss the FAC, through which the Apex Defendants sought the dismissal of Omega's claims and, alternatively, sought to have Samuel Goldner ("Goldner") added to the Illinois Action as a necessary party. Goldner is the Manager of each of the GCM Debtors and the GCM Debtors are in turn the distributing agents under each of their confirmed[2] plans of reorganization. [Dkt. Nos. 410-413, 418].

By order dated May 23, 2024, the Apex Defendants' motion to dismiss the FAC was granted with respect to certain claims brought by Omega, but the Illinois Court determined that Omega had sufficiently pled a cause of action for unjust enrichment, as well as a cause of action for accounting and a constructive trust. Further, the Illinois Court determined that Goldner was a necessary party to the Illinois Action.

On June 21, 2024, Omega filed its Second Amended Complaint ("SAC") by which it added Goldner to the Illinois Action and brought claims directly against him. The substance of the SAC involves a series of agreements and obligations between Omega, the Apex Defendants and Goldner at eleven long-term care facilities ("LCFs") owned by Omega. [Case No. 25-8108; Dkt. No. 1]. In the SAC, Omega alleges that the Apex Defendants and Goldner engaged in a conspiracy to (1) steal Omega funds that were disbursed for improvement projects at the LCFs; (2) submitted false pay applications, and (3) unjustly enriched themselves during the business relationship. *Id*.

On March 10, 2025, Goldner and the Apex Defendants each filed a motion to dismiss the

---

[2] One of the GCM Debtors, GCM Manager LLC (24-73790), has not confirmed a Chapter 11 plan.

SAC. In Goldner's motion to dismiss he alternatively sought to add SRZ Master Tenant, LLC[3] ("SRZ") and certain of Omega's subsidiaries who were landlords as necessary parties to the Illinois Action. In their motion to dismiss the SAC the Apex Defendants alternately sought to add GCM as a necessary party.

By order dated June 20, 2025, the Illinois Court granted in part and denied in part each of Goldner's and the Apex Defendants' motions to dismiss the SAC. In particular, the Illinois Court ruled as follows: (1) pursuant to Goldner's second motion to dismiss the SAC, the Landlords and SRZ were deemed necessary parties to the Illinois Action; (2) pursuant to the Apex Defendants' motion to dismiss the SAC, GCM was deemed a necessary party to the Illinois Action; (3) aside from deeming Landlord, SRZ, and GCM necessary parties to the Illinois Action, all other sought-after relief and arguments were denied; (4) Omega was "granted leave" to amend its SAC to add the above mentioned necessary parties on or before July 18, 2025; and (5) the Illinois Court stayed the Illinois Action pursuant to GCM's and its co-debtors filing of their voluntary petitions, initiating the above-captioned chapter 11 bankruptcy cases.

The Illinois Court found GCM to be a necessary party to the Illinois Action noting that GCM was a signatory to various agreements with Omega, the Apex Defendants and Goldner, and that the tortious conduct Omega alleged "occurred in furtherance of obligations under tho[ose] various contracts and agreements." [Dkt. No. 325, Ex. B]. Specifically, the Illinois Court noted that "[t]he Agreements list GCM as the notice address for Goldner and his affiliates, and most of these Agreements are signed by… GCM's VP of Asset Management, as the representative of Goldner and his affiliates." *Id.*

---

[3] SRZ is a Debtor before this Court under case number 8-25-70504-ast. SRZ's case is not being jointly administered with the GCM Debtors and is subject to its own bar date that has already expired. [Case No. 25-70504; Dkt. No. 11]. Omega was served with SRZ's bar date order. [Case No. 25-70504; Dkt. No. 14]. In the SRZ case Omega has not filed a proof of claim, or a motion to allow a late filed claim.

These same facts were noted by Chief Judge Virginia M. Kendall of the United States District Court for the Northern District of Illinois in her October 30, 2025, opinion and order transferring the Illinois Action to this Court, which was then assigned adversary proceeding number 8-25-08108-ast. [Case No. 25-8108; Dkt. No. 1].

Bankruptcy Code Section 101(5) defines a claim very broadly:

> "(5) The term "claim" means—
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

11 U.S.C. § 101(5). Omega knew, or should have known, when it commenced the Illinois Action in 2023 that it might have claims against GCM, and certainly knew, or should have known, of such claims by mid-2024, while the motion practice concerning joining additional parties was on going. Both the Illinois State Court and the Federal District Court noted that GCM was a necessary party to the Illinois Action because it was a signatory to some of the agreements concerning work to be performed at the facilities which form the basis of Omega's claims in Illinois Action. Omega's claim that it could not have known it might have a claim against GCM prior to the Bar Date is simply not well founded. Omega was a counterparty to various executory contracts with GCM and others. Omega filed a pre-petition suit related to those agreements in which it claims tortious conduct occurred in furtherance of the obligations under those agreements. As such, Omeag clearly is bound the Bar Date Order, and it has not demonstrated any basis for this Court to find excusable neglect.

Thus, Omega has failed to meet its burden of proving excusable neglect under Bankruptcy Rule 9006 as a matter of law.

**CONCLUSION**

Accordingly, based upon the Court's consideration of the record as a whole in these jointly administered Chapter 11 cases, it is hereby

ORDERED, that the Motion is denied in full; Omega may file its claim as a late filed claim; and it is further

ORDERED, that the amount of Omega's claim, if any, shall be determined in adversary proceeding number 8-25-08108-ast.

Dated: April 10, 2026
      Central Islip, New York



_____
Alan S. Trust
United States Bankruptcy Judge